FILED
United States Court of Appeals
Tenth Circuit

August 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ALEJANDRO ESPINOZA, a/k/a Miguel
Angel Manzo,

      Defendant–Appellant.

No. 09-2206
(D.C. Nos. 1:08-CV-00479-RB-WDS and
2:04-CR-00852-RB)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

Alejandro Espinoza a/k/a Miguel Angel Manzo, a federal prisoner proceeding pro

se, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of

his 28 U.S.C. § 2255 habeas petition.  We deny a COA and dismiss the appeal.

**I**

In 2004, Espinoza was indicted for conspiracy to possess with intent to distribute

methamphetamine.  At trial, Espinoza's counsel posited that that he had not sold

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine but rather marijuana and perhaps cocaine. However, counsel made his case only through cross-examination of government witnesses, his opening statement, and his closing argument; the defense did not call any witnesses. At the close of the government's case, the defense moved for a mistrial. After the court denied Espinoza's motion, the jury re-entered the courtroom for instructions and to hear closing arguments.

Before the court could instruct the jury, Espinoza interjected:

> You're going to give me life without the possibility of parole, and you're not going to allow my side to be heard. . . . I have some issues that have to be preserved for appeal. This is my life you're talking about. You're going to give me life without the possibility of parole . . . without allowing me to preserve these issues for appeal?

The court had the jury leave the room and admonished Espinoza for his outburst. After being instructed to raise any concerns through his attorney, Espinoza contended that his attorney was not following his instructions and addressed the court directly. Espinoza raised a number of complaints both orally and in a note to the court. Defense counsel then moved to re-open the case and present a law enforcement officer as a witness, but the court denied the motion.

Counsel for each side then made their closing arguments. Defense counsel referred to a recorded telephone call between Espinoza and an informant in which the two discussed drugs using coded language:

> [T]hat tape is clearly talking about two drugs. Although [the informant] insisted that, no, the only thing that that tape was talking about was one drug.. . .
> [W]hen you go back there, if you want to listen to the tape, listen to it

- 2 -

yourself—you'll come to the conclusion that, yes, [the informant] was talking about meth on that tape or trying to talk about only meth on that tape, but [Espinoza] was talking about at least one other drug and maybe two other drugs.

After deliberation, the jury convicted Espinoza. We affirmed on direct appeal. United States v. Espinoza, 211 Fed. App'x 795 (10th Cir. 2007) (unpublished).

In a timely filed § 2255 petition, Espinoza asserted that his trial counsel was ineffective for preventing him from testifying on his own behalf, for failing to adequately investigate and present evidence related to the defense theory, and for allegedly admitting that Espinoza was guilty during closing argument. He also contended that appellate counsel was ineffective for failing to raise these issues on appeal.

Without holding an evidentiary hearing, the district court dismissed Espinoza's petition and denied him a COA. Espinoza then concurrently filed a notice of appeal and a motion to alter or amend the judgment below. We abated the appeal pending the district court's resolution of the motion alter or amend. Espinoza's motion to alter or amend was then denied by the district court. With the district court proceedings concluded, we now consider whether Espinoza may proceed on appeal. Because he proceeds pro se, we will liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**II**

A petitioner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(A). Espinoza may not obtain a COA unless he demonstrates "that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). He has failed to make such a showing.

## A

Counsel provides ineffective assistance when his representation does not meet "an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). We will consider each of Espinoza's ineffective assistance claims in turn.

## 1

The district court rejected Espinoza's claim that his attorney was ineffective for denying him the right to testify on the grounds that Espinoza never indicated a wish to testify, even after an invitation by the court to state his concerns, and that his waiver of the right to testify was a tactical decision made jointly with his attorney. On appeal, Espinoza does not argue that he informed the court he wished to testify. Instead, he contends that his silence on the matter was insufficient to waive his right to testify, and that both his attorney and the court prevented him from asserting the right.

A waiver of the right to testify in one's defense must be voluntary, knowing, and intelligent. Harvey v. Shillinger, 76 F.3d 1528, 1536 (10th Cir. 1996). Because the

choice whether to testify is often made in consultation with an attorney, violations of the right to testify are "best treated" as ineffective assistance of counsel claims. Cannon v. Mullin, 383 F.3d 1152, 1170 (10th Cir. 2004). The Supreme Court has long held that we may not infer attorney misconduct simply because, in retrospect, a tactical decision appears to have been misguided. See, e.g., Strickland, 466 U.S. at 689. However, the ultimate decision whether to testify rests with the defendant, and counsel must not prevent a determined defendant from testifying. See Cannon, 383 F.3d at 1171. In evaluating when persuasion by counsel becomes coercion, we consider: (1) whether the defendant knew of his right to testify or was informed of the right by counsel; (2) whether counsel gave sound tactical advice regarding the choice not to testify; and (3) any threats or intimidation used to influence the defendant. Wimberly v. McKune, No. 97-3133, 1998 WL 115953, at *3 (10th Cir. Mar. 16, 1998) (unpublished) (citing Lema v. United States, 987 F.2d 48, 52-53 (1st Cir. 1993)). We will not overturn a district court's finding on the question without sufficiently detailed affidavits describing the manner in which counsel coerced the defendant not to testify. See United States v. Meacham, 567 F.3d 1184, 1188 (10th Cir. 2009).

Espinoza argues that trial counsel "refus[ed] to let him testify." Specifically, he alleges that, after his outburst, counsel advised Espinoza that if he sought to testify, the judge might remove him from the courtroom. However, after this alleged coercion occurred, Espinoza was invited to write down his objections to counsel's handling of the

case. Although Espinoza did not hesitate to raise myriad concerns, his purported wish to testify was conspicuously absent from this list.

Applying the factors from Wimberly, Espinoza has conceded he was aware of his right to testify and has provided no evidence of threat or intimidation. Even if counsel's warning against insisting on testifying was poor advice, it does not rise to the level of a threat. Additionally, any tension between his right to testify and his preference to remain in the courtroom (which Espinoza refers to as a "Hobson's choice"—a choice that is no choice at all) was remedied when the court invited Espinoza to raise any concerns he had with counsel in a note to the court. Consequently, no reasonable jurist would conclude that Espinoza has adequately demonstrated that his attorney rendered ineffective assistance with respect to waiver of the right to testify.

**2**

Espinoza also asserts the district court erred in determining that his attorney did not render ineffective assistance by failing to adequately investigate the case. The district court determined that Espinoza's petition did not explain how, but for counsel's alleged error, the result of the proceeding would have been different. Notwithstanding this pleading error, the district court persuasively explained that, in the absence of Espinoza's testimony, all of the evidence Espinoza wished his attorney to investigate and introduce would have been inadmissible for lack of foundation. Espinoza makes no argument that this evidence would have been admissible without laying a foundation with his own

testimony, nor could reasonable jurists debate the district court's conclusion. Because—as is discussed supra—Espinoza waived his right to testify, Strickland's prejudice prong cannot be met. See 466 U.S. at 694.

**3**

The district court also rejected Espinoza's claim that counsel was ineffective for conceding his guilt during closing arguments. While acknowledging that counsel conceded Espinoza dealt drugs of some sort, the district court made a factual determination that counsel did not concede Espinoza dealt methamphetamine.

A lawyer's admission of his client's guilt can fall below an objective standard of reasonableness. See United States v. Williamson, 53 F.3d 1500, 1510-11 (10th Cir. 1995). Further, a complete admission by counsel of his client's guilt triggers a presumption that the defendant was prejudiced. United States v. Gonzalez, 596 F.3d 1228, 1239 (10th Cir. 2010) (citing the presumption of prejudice established in United States v. Cronic, 466 U.S. 648, 659 (1984)). "Whether a complete admission of guilt actually occurred is necessarily fact-intensive." Id. (quotation omitted). In making this determination, "[t]he focus must be on whether, in light of the entire record, the attorney remained a legal advocate of the defendant who acted with undivided allegiance and faithful, devoted service to the defendant." Williamson, 53 F.3d at 1511(quotation omitted). If an admission of guilt is not complete, however, a defendant must demonstrate prejudice. Gonzalez, 596 F.3d at 1239. If the prejudice prong is unmet, a

court need not investigate <u>Strickland</u>'s performance prong.  <u>Id.</u> at 1233.

No reasonable jurist would read counsel's closing argument as a complete admission of guilt.  Although counsel's statements were ambiguous, his closing argument when read as a whole was clearly intended to convey to the jury that Espinoza was involved in the marijuana trade, not the methamphetamine trade.  Counsel therefore did not abandon his role as the defendant's advocate, and we may not presume prejudice under <u>Cronic</u>.  Nor does Espinoza demonstrate prejudice.  Given the "overwhelming evidence of guilt" presented by the government, omission of his counsel's ambiguous statements during closing would not have had any effect on the outcome.  <u>Gardner v. Galetka</u>, 568 F.3d 862, 874 (10th Cir. 2009).  Espinoza, therefore, is not entitled to a COA on this ground.

**4**

Espinoza argues that appellate counsel was ineffective for failing to argue any of the above-mentioned issues on appeal.  Because he conceded below that this argument is without merit, we will not consider it on appeal.  <u>See</u> <u>O'Connor v. City & County of Denver</u>, 894 F.2d 1210, 1214 (10th Cir. 1990).

**B**

Espinoza raises two additional arguments unrelated to the effectiveness of counsel.  First, he argues that the prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by failing to disclose material, exculpatory evidence in advance of trial.  A <u>Brady</u> violation

occurs when the government suppresses evidence favorable to the defense and, due to the materiality of the evidence, prejudice ensues. Douglas v. Workman, 560 F.3d 1156, 1173 (10th Cir. 2009). Duplicative impeachment evidence is not material. Id. at 1174.

The United States has conceded that it suppressed evidence that would have impeached the credibility of its chief witness. Specifically, contrary to her protestations on the stand that she had given up the drug, the government's primary witness tested positive for methamphetamine use mere weeks before testifying. In view of the government's admissions, the only remaining issue is whether the suppressed evidence was material, and thus prejudicial. Given additional impeachment evidence offered against the witness at trial and Espinoza's own damning statements recorded by the government, no reasonable jurist could find that the impeachment evidence here was material. See id.

Second, Espinoza alleges that the district court committed procedural error by denying him an evidentiary hearing. We review a district court's decision to deny an evidentiary hearing for abuse of discretion. Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010). As our discussion above indicates, each of Espinoza's claims is "resolvable solely on the basis of the existing record." Id. Consequently, the district court did not abuse its discretion in denying Espinoza's request for an evidentiary hearing. See id.

**III**

For the forgoing reasons, we **DENY** a COA and **DISMISS** the appeal.  All

pending motions are **DENIED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge