FILED
United States Court of Appeals
Tenth Circuit

December 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ALEJANDRO ESPINOZA, a/k/a Miguel
Angel Manzo,

      Defendant–Appellant.

No. 09-2206
(D.C. No. 1:08-CV-00479-RB-WDS)
(D. N.M.)

**ORDER GRANTING PANEL REHEARING**

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Petitioner Alejandro Espinoza a/k/a Miguel Angel Manzo, a federal prisoner

proceeding pro se, seeks rehearing by the panel of its order dated August 20, 2010,

denying a certificate of appealability to appeal the district court's dismissal of his 28

U.S.C. § 2255 petition. With respect to Espinoza's claim under Brady v. Maryland, 373

U.S. 83 (1963), advanced in his amended petition for rehearing ("PFR"), we **GRANT**

rehearing by the panel. Section II.B of the panel's August 20, 2010, order is **VACATED**

and replaced with the order issued herewith. We **DENY** panel rehearing on all other

issues raised in petitioner's original and amended PFRs.

Espinoza's PFR has been circulated to the full court and no active judge has called

for a poll or voted for rehearing en banc. Consequently, his suggestion for rehearing en banc is **DENIED**.

                        Entered for the Court


                        Carlos F. Lucero
                        Circuit Judge

FILED
United States Court of Appeals
Tenth Circuit

December 3, 2010

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ALEJANDRO ESPINOZA, a/k/a Miguel
Angel Manzo,

      Defendant–Appellant.

No. 09-2206
(D.C. No. 1:08-CV-00479-RB-WDS)
(D. N.M.)

## ORDER AND JUDGEMENT[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Alejandro Espinoza a/k/a Miguel Angel Manzo, a federal prisoner proceeding pro

se, sought a certificate of appealability ("COA") to appeal the district court's dismissal of

his 28 U.S.C. § 2255 petition. In an August 20, 2010, order, we denied his application

for COA. Espinoza subsequently petitioned for panel rehearing with suggestion for

rehearing en banc on a number of grounds. We granted panel rehearing as to his claim

under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Torres, 569 F.3d 1277

(10th Cir. 2009) (holding under similar facts that "merely because other impeachment

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidence was presented does not mean that additional impeachment evidence is cumulative"). In his amended petition for rehearing, Espinoza complains that neither the magistrate judge, nor the district court ever ruled on his <u>Brady</u> claim. We agree and accordingly remand this matter to the district court so that it may rule on the <u>Brady</u> claim in the first instance.

I

In 2004, Espinoza was indicted for conspiracy to possess with intent to distribute methamphetamine. The government's primary witness against Espinoza was Deborah James who testified that she bought methamphetamine from Espinoza. James also interpreted for the jury a coded conversation between herself and Espinoza putatively detailing the distribution of methamphetamine. James, an admitted methamphetamine user, stated during both direct and cross-examination that she had not used methamphetamine since January 2004.

The <u>Brady</u> violation, or more accurately, the violation of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), at issue is the government's admitted suppression of evidence that James repeatedly perjured herself. Despite testifying that she had not used drugs since January 2004, the government held back the fact that James tested positive for methamphetamine on August 25, 2004. The government disclosed this <u>Brady</u> violation in its response to Espinoza's 28 U.S.C. § 2255 motion on August 20, 2008, three years after Espinoza's trial. Following the government's disclosure, Espinoza sought to raise the <u>Brady</u> issue in his pro se motion to file a reply brief to the government's response to his § 2255 petition. The magistrate judge's Proposed Findings and Recommended

Disposition made no mention of the Brady issue. In his response to the magistrate judge's proposed findings, Espinoza complained of the judge's failure to address his Brady claim. The district court's subsequent adoption of the Proposed Findings and Recommended Disposition also fails to address the Brady issue.

Espinoza then filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) in which he requested the court to rule upon the omitted issues he raised in his " § 2255 brief, Memorandum of facts and law, and the reply." In the Proposed Findings and Recommended Disposition of the 59(e) motion, the magistrate judge once again failed to rule on the Brady issue. In his objections to the magistrate judge's Proposed Findings and Recommended Disposition of the 59(e) motion, Espinoza once again raised the Brady issue and the magistrate judge's failure to address it. Nonetheless, the district court once again adopted the magistrate judge's Proposed Findings and Recommended Disposition without mentioning the Brady claim.

**II**

We have observed that a "failure to make any ruling on a claim that was properly presented in a habeas petition" represents a "defect in the integrity of federal habeas proceedings." Peach v. United States, 468 F.3d 1269, 1271 (10th Cir. 2006) (quotation and alteration omitted). Because the district court never ruled on Espinoza's Brady claim, we: (1) **VACATED** our prior order denying COA with respect to the Brady issue in the accompanying order granting panel rehearing and now; (2) **GRANT** a COA on the Brady claim and; (3) **REMAND** the matter to the district court with instructions to rule

on the <u>Brady</u> claim in the first instance.

Entered for the Court


Carlos F. Lucero
Circuit Judge