FILED
United States Court of Appeals
Tenth Circuit

November 27, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALEJANDRO ESPINOZA, a/k/a
Miguel Angel Manzo,

Defendant-Appellant.

Nos. 12-2162, 13-2036
(D.C. Nos. 1:08-CV-00479-RB-WDS;
2:04-CR-00852-RB-1)
(D.N.M.)

---

ORDER DENYING CERTIFICATE
OF APPEALABILITY*

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Proceeding pro se[1] and *in forma pauperis*, federal inmate Alejandro

Espinoza requests a certificate of appealability ("COA") to challenge the district

court's denial of his motion to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255. We **deny** Mr. Espinoza's request for a COA and **dismiss** this

matter.

---

\* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] In light of Mr. Espinoza's pro se status, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

# I

In 2004, Mr. Espinoza was indicted for conspiracy to possess with intent to distribute methamphetamine. The government's chief witness at his 2005 trial was Debra James, an admitted methamphetamine user, who identified Mr. Espinoza as her supplier. Ms. James stated more than once during her testimony that she had not used methamphetamine since January 2004. In fact, Ms. James had taken a drug test in August 2004 and tested positive for methamphetamine. The government did not disclose this information to defense counsel before Mr. Espinoza's trial.

After his conviction was affirmed on direct appeal, Mr. Espinoza filed a § 2255 motion to challenge his sentence of 240 months' imprisonment. The government's failure to disclose Ms. James's positive drug-test results came to light in its response brief, but was not discussed in the magistrate judge's report and recommendation. Over Mr. Espinoza's objection, the district court denied his § 2255 motion without holding an evidentiary hearing, dismissed the matter, and denied a COA. Mr. Espinoza then moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and concurrently filed his notice of appeal. A panel of our court abated the case until the district court ruled on (that is, denied) the Rule 59(e) motion, at which point the panel denied a COA and dismissed Mr. Espinoza's appeal.

In his ensuing petition for panel rehearing, Mr. Espinoza complained that

the district court had denied his § 2255 motion without addressing his claim that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose Ms. James's drug-test results. The panel agreed: it granted a COA on the *Brady* claim and remanded the matter to the district court with instructions to rule on that claim in the first instance.

Mr. Espinoza subsequently filed a slew of motions, all of which the district court denied as outside the scope of its limited jurisdiction on remand. Mr. Espinoza sought to appeal from the court's rulings on his motions (No. 12-2162). We abated this purported (i.e., seemingly interlocutory) appeal pending the district court's resolution of Mr. Espinoza's *Brady* claim. The district court ultimately adopted a magistrate judge's report and recommendation regarding Mr. Espinoza's *Brady* claim, denied the § 2255 motion, and dismissed the case. Mr. Espinoza filed a timely notice of appeal (No. 13-2036). The district court sua sponte declined to issue a COA.

Mr. Espinoza now seeks a COA to challenge the district court's denial of his sundry post-remand motions and his § 2255 motion. We have consolidated his two appeals for our review.

**II**

Unless a petitioner first obtains a COA, this court is not authorized to adjudicate the merits of an appeal from a district court's denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Moya*, 676 F.3d

1211, 1213 (10th Cir. 2012). And a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

An applicant faces a "double hurdle" when habeas relief has been denied on procedural grounds. *See Coppage*, 534 F.3d at 1281. "Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Id.* (omission in original) (quoting *Slack*, 529 U.S. at 484). If the district court correctly invoked a procedural bar in denying relief, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

We review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011), *cert. denied*, --- U.S. ----, 132 S. Ct. 1818 (2012); *United States v. Garrett*,

-4-

402 F.3d 1262, 1264 (10th Cir. 2005).

## III

Mr. Espinoza raises several issues in his application for a COA, which are reducible to three arguments: (1) the district court erred in denying relief on his *Brady* claim; (2) the district court abused its discretion by denying the motions filed while his case was on remand from our court; and (3) his trial attorney provided ineffective assistance of counsel.

## A

A *Brady* violation[2] occurs when the government suppresses evidence which is both favorable and material to the defense. *See Brady*, 373 U.S. at 87; *United States v. Combs*, 267 F.3d 1167, 1172 (10th Cir. 2001). Evidence is "favorable" if it is exculpatory or impeaching, *see Douglas v. Workman*, 560 F.3d 1156, 1173 (10th Cir. 2009) (per curiam), and is "material" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," *United States v. Cooper*, 654 F.3d 1104, 1119 (10th Cir. 2011) (quoting *United States v. Torres*, 569 F.3d 1277, 1282 (10th Cir. 2009)) (internal quotation marks omitted). "A 'reasonable probability' is a 'probability sufficient to undermine confidence in the outcome.'" *United*

---

[2] As the panel observed on rehearing, Mr. Espinoza's challenge to the government's conduct is more precisely styled as an alleged violation of *Giglio v. United States*, 405 U.S. 150 (1972).

*States v. Smith*, 534 F.3d 1211, 1222 (10th Cir. 2008) (quoting *Scott v. Mullin*, 303 F.3d 1222, 1230 (10th Cir. 2002)).

Given the government's concession that it suppressed evidence which might have impeached the credibility of its primary witness, we need not address the first two prongs of the *Brady* test. The only remaining issue, therefore, is whether the suppressed evidence was material (and thus prejudicial) to the defense. After a thorough review of the record, we conclude that it was not.

We are satisfied that the government's case against Mr. Espinoza would have been compelling even if the suppressed impeachment evidence had been available to the defense. At trial, the government adduced copious evidence of Mr. Espinoza's guilt beyond Ms. James's attestations, *viz.*, undercover-agent testimony, methamphetamine samples, bank statements, and phone call excerpts containing Mr. Espinoza's inculpatory remarks. Indeed, the very circumstances of Mr. Espinoza's arrest—involving a prearranged drug-related rendezvous—seem especially damning to his case. We cannot say, in light of the foregoing, that there is a reasonable probability that the result of his trial would have been different if Mr. Espinoza had been able to reveal Ms. James's dishonesty to the jury.

Moreover, while evidence of perjurious testimony often tarnishes a witness's credibility, we have suggested that "an incremental amount of impeachment evidence" does not satisfy the materiality standard. *United States v.*

*Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998). We have likewise "discarded as immaterial . . . undisclosed impeachment evidence where it was cumulative of evidence of bias[3] or partiality already presented and thus would have provided only marginal additional support for [the] defense." *Cooper*, 654 F.3d at 1120 (alteration in original) (omission in original) (quoting *Douglas*, 560 F.3d at 1174) (internal quotation marks omitted).

To the extent the suppressed evidence would have bolstered Mr. Espinoza's case, it would not have done so by negating an element of the charged offense. Nor would it have augmented his theory of defense—i.e., "that [Ms.] James was protecting her true supplier and blaming [Mr. Espinoza] instead." R., Vol. II, at 283 (Magistrate Judge's Supplemental Report & Recommendation, filed Aug. 29, 2012). In sum, we think that there is not a reasonable possibility that a jury would have returned a different verdict (favorable to Mr. Espinoza), even if it had heard that Ms. James lied about having used drugs in August 2004.

Put another way, because the impeachment evidence could not have nullified the additional, substantial evidence of Mr. Espinoza's guilt, we are not convinced that the government's suppression undermines confidence in the outcome of his trial. *See Browning v. Trammell*, 717 F.3d 1092, 1094–95 (10th

---

[3] The jury was duly instructed that Ms. James had testified pursuant to a plea agreement and that her testimony should consequently be "received with caution and weighed with great care." *United States v. Espinoza*, Dist. Ct. No. 2:04-cr-00852-RB-1, Doc. 67, at 16 (Jury Instrs., filed Jan. 21, 2005).

Cir. 2013) ("[T]he defendant must show the 'favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995))). Accordingly, we conclude that the impeachment evidence suppressed here was not material. The district court's conclusion as to Mr. Espinoza's *Brady* claim was neither debatable nor wrong, and we decline to issue a COA on this basis.

**B**

Mr. Espinoza also challenges the district court's denial of his motion to amend and supplement his § 2255 motion (specifically, to request an evidentiary hearing), his motion to conduct discovery, and his Rule 60(b) motion. He filed all of the foregoing motions while his case was on remand for resolution of his *Brady* claim. In denying each motion, the district court noted that the matter was on remand for the sole purpose of resolving the *Brady* claim. Observing that Mr. Espinoza's filings only addressed unrelated issues, the district court concluded that it had no authority to consider them. Further, the court stated, even assuming that the motions pertained to the *Brady* claim, Mr. Espinoza should have set forth the evidence he believed should have been presented, and explained how it would have impacted the determination of his *Brady* claim.

In our view, the district court's rulings are ones that reasonable jurists could not debate. The district court was correct to heed the panel's articulated reason for the remand, i.e., for the district court "to rule on the *Brady* claim in the

first instance," *United States v. Espinoza*, 421 F. App'x 817, 819 (10th Cir. 2010), and address no other matters.  We thus decline to issue a COA on this basis.

## C

Finally, because the district court has already heard and disposed of Mr. Espinoza's ineffective-assistance claim, we reject his attempt to re-assert this argument in his present request for a COA.  In any event, his contentions in this regard were not properly within the scope of the district court's charge on remand.

## IV

Because reasonable jurists could not debate the correctness of the district court's decision to deny Mr. Espinoza's § 2255 motion, and associated post-remand motions, we **deny** Mr. Espinoza's request for a COA and **dismiss** this matter.[4]

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[4] We deny Mr. Espinoza's pending motion to expedite the case as moot.