FILED
United States Court of Appeals
Tenth Circuit

August 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALEJANDRO ESPINOZA,

    Defendant - Appellant.

No. 15-2035
(D.C. Nos. 1:08-CV-00479-RB-KBM &
2:04-CR-00852-RB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Alejandro Espinoza seeks a certificate of appealability (COA) to appeal the

district court's order treating his Fed. R. Civ. P. 60(b) motion as an unauthorized

second or successive 28 U.S.C. § 2255 motion and dismissing it for lack of

jurisdiction. We grant in part and deny in part Mr. Espinoza's request for a COA.

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

Mr. Espinoza was convicted of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. We affirmed his conviction on direct appeal. *See United States v. Espinoza*, 211 F. App'x 795, 797 (10th Cir. 2007). He subsequently filed a motion to vacate under § 2255, which the district court dismissed. *See United States v. Espinoza*, 421 F. App'x 817, 818 (10th Cir. 2010). We granted a COA on a *Brady* claim that the district court had failed to address and remanded to the district court to consider the claim in the first instance. *Id*. at 819. The district court denied that claim and we denied Mr. Espinoza's subsequent request for a COA. *See United States v. Espinoza*, 545 F. App'x 783, 784 (10th Cir. 2013).

In March 2014, Mr. Espinoza filed a Rule 60(b) motion seeking relief from the district court's judgment denying his § 2255 motion. The district court treated that motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Espinoza filed a timely Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. The district court denied the Rule 59(e) motion. Mr. Espinoza filed a timely notice of appeal seeking review of the district court's orders denying his Rule 60(b) and 59(e) motions.

II. COA Standard

Mr. Espinoza requires a COA to appeal from the district court's dismissal of his Rule 60(b) motion, *see United States v. Harper,* 545 F.3d 1230, 1233 (10th Cir. 2008), and to appeal from the denial of his Rule 59(e) motion, *see*

*Dulworth v. Jones*, 496 F.3d 1133, 1135-36 (10th Cir. 2007). To obtain a COA, Mr. Espinoza must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

III. Rule 60(b) motion

In his Rule 60(b) motion, Mr. Espinoza first asserted that the district court judge was biased against him in his § 2255 proceedings. He further argued that the district court failed to rule on two of his properly presented § 2255 claims. Finally, he asserted that the government's withholding of information during his initial § 2255 proceedings constituted fraud on the court.

The district court concluded that Mr. Espinoza's Rule 60(b) motion "primarily attacks the Court's ruling on the merits of his original § 2255 motion—and his conviction—and thus amounts to a second or successive § 2255 motion." R., Doc. 126 at 4. Because Mr. Espinoza had not obtained authorization from this court to file a second or successive § 2255 motion, the district court dismissed the motion for lack of jurisdiction. Considering the second part of the *Slack* test, we conclude that jurists of reason would find it debatable whether the district court's procedural ruling in this case was correct as to the first three arguments in the Rule 60(b) motion.

We have explained that: "[W]hether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted [§ 2255] proceeding itself." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Stated otherwise, a Rule 60(b) motion is a second or successive § 2255 motion "if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the [§ 2255] proceeding." *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012). In contrast, a Rule 60(b) motion is not a successive § 2255 motion if it challenges only a procedural ruling that precluded a merits determination or challenges a defect in the integrity of the § 2255 proceedings. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

## A.

Mr. Espinoza's first three Rule 60(b) arguments do not attack the district court's ruling on the merits of his initial § 2255 motion. Instead, these arguments challenge a defect in the integrity of his initial § 2255 proceedings based on the district court's *failure to rule* on two of his properly presented § 2255 claims. An "argument that the district court failed to rule on [a § 2255] claim does not challenge the merits of the district court's resolution of [a] § 2255 motion, but only an alleged defect in the integrity of the earlier § 2255 proceedings." *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006).

- 4 -

Mr. Espinoza's first argument relates to the district court's alleged judicial bias for failing to rule on all of his properly raised claims. He concedes that adverse rulings may not form the basis for disqualification, but he explains, "[h]ere, however, there has never been a ruling on these claims, adverse or otherwise." R., Doc. 121 at 6. He asserts that this demonstrates the district court's "inability to render fair judgment," *id*., and that the judge should have recused himself. By failing to do so, "he denied [Mr. Espinoza] due process and marred the integrity of the habeas proceedings." *Id*. at 6-7.

His second and third arguments assert that "the district court failed to rule upon two properly presented [§ 2255] claims." *Id*. at 7 (capitalization omitted); *see id*. ("The district court failed to rule upon Petitioner's Denial of the Right of Presence claim"); *id*. at 16 ("The district court failed to rule upon Petitioner's Failure to Consult Claim"). Although Mr. Espinoza concedes that "the two unaddressed claims were comprehensively argued in his Rule 60(b) motion," he contends that he did so to demonstrate that they were "properly presented." COA App. at 4(b). The relief he seeks is to have the district court rule on these claims in the first instance. *See* R., Doc. 121 at 23 ("Petitioner undoubtedly has the right to have this claim decided and heard on its merit"). Because three of the arguments in Mr. Espinoza's Rule 60(b) motion seek relief based on the district court's failure to address the merits of two of his § 2255 claims, reasonable jurists could debate the district court's decision to treat these Rule 60(b) arguments as second or successive § 2255 claims.

We next consider whether Mr. Espinoza can meet the first part of the *Slack* test. To do so, he must show that he has a "valid claim for the denial of a constitutional right." *Slack*, 529 U.S. at 484. In the Rule 60(b) context, we look to the underlying claims in Mr. Espinoza's § 2255 motion that the district court failed to consider to determine whether they raise constitutional claims. *See Dulworth*, 496 F.3d at 1137-38. At this stage, we "simply take a quick look . . . to determine whether the [movant] has facially alleged the denial of a constitutional right," *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks and brackets omitted), and we will "not delve into the merits of the claim," *Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007).

Mr. Espinoza has met the first part of the *Slack* test. His underlying § 2255 claims facially allege violations of his Sixth Amendment right to effective assistance of counsel related to his right to be present during all critical stages of his trial and to be consulted before counsel waived his right to testify and present any witnesses.

Under these circumstances, we will remand to the district court to permit that court to consider the first three arguments in Mr. Espinoza's Rule 60(b) motion in the first instance. *See Spitznas*, 464 F.3d at 1219. In remanding, we express no opinion on the merits of these three 60(b) arguments. We conclude only that these are the kinds of arguments that are properly considered in a Rule 60(b) motion and are not second or successive claims that should have been dismissed.

B.

For Mr. Espinoza's fourth Rule 60(b) argument, he asserted that "the government's withholding of information during the initial [§ 2255] proceedings constitutes fraud." R., Doc. 121 at 23 (capitalization omitted). He explained that he learned the full extent of the government's alleged fraud when he received certain transcripts in April 2012. Mr. Espinoza brought this argument pursuant to Rule 60(b)(3), which requires filing within one year after the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). In this case, judgment was initially entered in Mr. Espinoza's § 2255 proceeding on December 2, 2009. After remand from this court on Mr. Espinoza's *Brady* claim, the district court entered judgment on January 23, 2013. Mr. Espinoza, however, did not file his Rule 60(b) motion until March 17, 2014—more than one year after entry of judgment—even though he had known of the alleged fraud since April 2012.[1]

We need not decide whether Mr. Espinoza's fourth argument is a second or successive § 2255 claim or a proper Rule 60(b) argument because under either scenario, he is not entitled to a COA. If it is a second or successive claim, the district court was correct to dismiss it for lack of jurisdiction. If it is a proper Rule 60(b) argument, it was untimely. We may deny a COA if there is a plain procedural bar to

---

[1]    We note that Mr. Espinoza's first three arguments were brought pursuant to Rule 60(b)(4), which requires that they be brought within "a reasonable time," but does not require filing within one year of judgment. *See* Fed. R. Civ. P. 60(c)(1). On remand, the district court will have the opportunity to consider whether the first three arguments were filed within a reasonable time.

relief, even if the district court did not rely on that bar. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

IV. Conclusion

We grant a COA as to the district court's determination that the first three arguments in Mr. Espinoza's Rule 60(b) motion were second and successive claims that required dismissal. We remand to the district court to consider the merits of those Rule 60(b) arguments in the first instance. We deny as moot Mr. Espinoza's request for a COA on the denial of his Rule 59(e) motion as we are granting him the relief he sought in that motion (to have the district court rule on the merits of his Rule 60(b) motion). We deny a COA as to the fourth argument in Mr. Espinoza's Rule 60(b) motion.

Entered for the Court
Per Curiam