FILED
United States Court of Appeals
Tenth Circuit

October 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO ESPINOZA, a/k/a
MIGUEL ANGEL MANZO,

Defendant - Appellant.

No. 16-2176
(D.C. No. 1:08-CV-00479-RB-KBM)
(D.C. No. 2:04-CR-00852-RB-1)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Alejandro Espinoza appeals from the district court's decisions denying

reconsideration of its dismissal of his 28 U.S.C. § 2255 motion. To pursue this

appeal, Mr. Espinoza must obtain a certificate of appealability (COA) from this

court. *See, e.g.*, *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006). But

to do so Mr. Espinoza must first make "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to establish

"that reasonable jurists could debate whether . . . the petition should have been

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). And this much Mr. Espinoza has not done.

The reason why lies in the complicated procedural history of this case. The district court originally denied Mr. Espinoza's § 2255 motion in 2009. We then denied a COA as to most of his claims, including those at issue here. *United States v. Espinoza*, 392 F. App'x 666, 668-70 (10th Cir. 2010), *vacated in part on reh'g*, 421 F. App'x 817, 818-19 (10th Cir. 2010). Proceedings on his remaining claim ended after the district court denied relief and this court denied a COA. *United States v. Espinoza*, 545 F. App'x 783, 787 (10th Cir. 2013). Mr. Espinoza then filed a motion under Fed. R. Civ. P. 60(b) to set aside the judgment, alleging among other errors that the district court had failed to rule on his ineffectiveness claims. After another excursion to this court to resolve a procedural question, *United States v. Espinoza*, 622 F. App'x 745, 747-48 (10th Cir. 2015), the district court denied the Rule 60(b) motion. *United States v. Espinoza*, No. CIV 08-0479 RB/KBM, 2016 WL 3094776, at *2-4 (D.N.M. Mar. 30, 2016). It held that it had indeed ruled on those claims and that they are meritless in any case. In reply, Mr. Espinoza filed a motion to amend under Fed. R. Civ. P. 52(b) and 59(e), which the district court also denied. Mr. Espinoza now asks us to issue a COA and review the denial of these motions.

So, to be precise, the question facing us is whether the district court correctly held that it *had earlier ruled* on Mr. Espinoza's ineffectiveness claims. Perhaps mixed up by the two layers of rulings, Mr. Espinoza fails to address this question in his brief and argues the merits of the underlying ineffectiveness claims instead. And while we construe the pleadings of *pro se* litigants liberally, we cannot invent arguments for reversal on their behalf. *In re Antrobus*, 563 F.3d 1092, 1099 (10th Cir. 2009).

Neither would we be able to anyhow. We discern no error in the district court's holding and all reasonable jurists would agree that the 2009 ruling had addressed all of Mr. Espinoza's claims. For example, Mr. Espinoza's claim that counsel was ineffective for failing to consult with him about the possibility of his testifying received its own section in the original ruling. *See* 1 R.O.A. 137-39. Similarly, in response to Mr. Espinoza's complaint that his counsel failed to consult him before foregoing the chance to present an impeachment witness, the district court had found no prejudice arose from that occurrence. *See id.* at 143-44. To the extent Mr. Espinoza seeks to raise any other claim in this appeal, we do not find them fairly presented in his § 2255 motion.

This is not a case where a procedural quirk has caused a *pro se* litigant to forfeit a meritorious claim. Mr. Espinoza received his chance — in his original § 2255 motion and appeal — to persuade the district court and this court of the arguments in his current brief. We have already once denied a COA on these

claims, *Espinoza*, 421 F. App'x at 818-19, and the law of the case doctrine would bar their reconsideration in any event, *see, e.g.*, *In re Antrobus*, 563 F.3d at 1098. Finally the district court, in its thoughtful opinion, charitably conducted a *de novo* review of the record and reaffirmed that Mr. Espinoza's claims lack merit. *Espinoza*, 2016 WL 3094776, at \*2-4.

The request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge