**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL C. PEACH,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

No. 06-3313
(D.C. Nos. 95-CV-10052
& 95-CR-10052)

---

**ORDER**

---

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

**PER CURIAM**.

---

Michael C. Peach was convicted in federal court of two counts of possession of crack cocaine with intent to distribute, two counts of use of a firearm in connection with a drug trafficking crime, and one count of obstruction of commerce by robbery. His convictions were affirmed on appeal and the Supreme Court denied his petition for a writ of certiorari. He later filed a motion under 28 U.S.C. § 2255 challenging his convictions and sentence. The district court denied relief and Mr. Peach did not appeal. On August 30, 2006, however, he filed a motion under Fed. R. Civ. P. 60(b)(4) seeking to set aside the district

court's order denying relief on his § 2255 motion on the ground that the district court had failed to rule on all the claims asserted in his § 2255 motion.

The district court, concluding that the Rule 60(b) motion was actually a successive § 2255 motion for which Mr. Peach had not obtained prior authorization from this court as required by 28 U.S.C. § 2255 ¶ 8, determined that it lacked jurisdiction to rule on Mr. Peach's motion and transferred the matter to this court for consideration. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (approving transfer procedure under 28 U.S.C. § 1631 for second or successive § 2255 motions).

Following the district court's transfer of the matter, Mr. Peach submitted a letter to this court, which we will construe as a motion to remand, in which he stated that the district court correctly described his Rule 60(b) motion as contending that the district court's ruling on his § 2255 motion was void because it did not address all the issues raised in his § 2255 motion. Mr. Peach stated that the district court had failed to address whether his counsel was constitutionally ineffective for not challenging the sentencing enhancement he received under § 924(c), which he said he raised in paragraph C, ground 3, on page 6 of his § 2255 motion. Mr. Peach further argued that his Rule 60(b) motion should not be treated as a successive § 2255 motion because it was only challenging the district court's failure to address one of the claims he raised in his § 2255 motion.

Until recently, we followed a rule that generally treated all Rule 60(b) motions filed in habeas proceedings as second or successive applications requiring prior circuit court authorization. *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998) (per curiam). In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2647-50 (2005), however, the Supreme Court held that not all Rule 60(b) motions in habeas proceedings should be treated as second or successive applications. Only where the motion could be said to bring a claim, i.e., to assert a federal basis for relief from the underlying conviction or sentence, should it be treated as a successive petition; if the motion sought only to correct a defect in the integrity of the federal habeas proceedings, then it should be allowed to proceed as a Rule 60(b) motion. *Id.* at 2647-48.

The *Gonzalez* decision led us to reexamine our practices and to set forth new procedures for this court and the district courts in this circuit to follow in *Spitznas v. Boone*, 464 F.3d 1213, 1215-19 (10th Cir. 2006). Shortly thereafter, in *United States v. Nelson*, No. 06-6071, 2006 WL 2848113, at *2 (10th Cir. Oct. 6, 2006) (to be reported at 465 F.3d 1145), we held that the same mode of analysis the Supreme Court employed in *Gonzalez* applies when considering post-judgment pleadings filed in § 2255 proceedings.

One of the issues petitioner raised in his Rule 60(b) motion in *Spitznas* was whether the district court failed to consider one of the claims he had raised in his habeas petition. 464 F.3d at 1224. We held that this issue "represents a 'true'

60(b) claim. It asserts a defect in the integrity of the federal habeas proceedings. The defect lies not in the district court's resolution of the merits of the . . . claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented in [the petitioner's] habeas petition." *Id.* at 1225 (citation omitted). Similarly, Mr. Peach's argument that the district court failed to rule on his ineffective assistance claim does not challenge the merits of the district court's resolution of his § 2255 motion, but only an alleged defect in the integrity of the earlier § 2255 proceedings. Thus, his Rule 60(b) motion presented a "true" Rule 60(b) claim and should not have been construed as a second or successive § 2255 motion.

This case differs from *Spitznas*, in that it does not come to us by appeal, but by transfer from the district court for the purpose of either granting or denying authorization to file a second or successive § 2255 motion.[1] In *Spitznas*, once we determined that a portion of the petitioner's Rule 60(b) motion raised a "true"

---

[1]      In *Coleman*, 106 F.3d at 341, we held that "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631." The district courts in this circuit routinely follow this practice when a defendant files any pleading that the court construes as a second or successive habeas petition or § 2255 motion. In this instance, the district court did not enter a transfer order, but merely sent a letter to the Clerk of the Court enclosing Mr. Peach's Rule 60(b) motion for this court's consideration. While we have construed the transmittal as a *Coleman* transfer under § 1631, in the future the better practice would be for the district court to enter an *order* expressly construing the defendant's filing as a second or successive § 2254 or § 2255 application and transferring the case to this court pursuant to § 1631.

Rule 60(b) claim, we then determined whether the petitioner was entitled to a certificate of appealability (COA) on his claim so that he could proceed with his appeal of the district court's ruling on his Rule 60(b) motion. Unlike the petitioner in *Spitznas*, Mr. Peach has never received a ruling from the district court on his Rule 60(b) motion because the district court erroneously transferred it here as a second or successive § 2255 motion. Because there is no appeal before us, there is no occasion to invoke the COA standards, and because there has been no ruling on Mr. Peach's Rule 60(b) motion, there is nothing to which we could apply those standards.

Instead, having received this matter by way of transfer from the district court to allow Mr. Peach to obtain authorization to file a second or successive § 2255 motion, and having determined that Mr. Peach's motion presents a true Rule 60(b) claim over which the district court had jurisdiction and not a second or successive § 2255 motion requiring our prior authorization, we shall remand this matter to the district court so that it can rule on the Rule 60(b) motion in the first instance. *See, e.g., Dragenice v. Ridge*, 389 F.3d 92, 100 (4th Cir. 2004) (remanding case transferred by district court under § 1631 after concluding that district court erred in determining that it lacked jurisdiction over action and that circuit court was proper court in which to bring action). In so doing, we express no opinion on the merits of Mr. Peach's Rule 60(b) motion. We hold only that it raises the kind of claim that challenges only the integrity of the earlier § 2255

proceedings and not the underlying conviction and sentence and thus constitutes a "true" Rule 60(b) claim and not a second or successive § 2255 motion for which our prior authorization must be obtained under § 2255 para. 8.

Mr. Peach's motion to remand is GRANTED, and this matter is remanded to the district court for further proceedings.