**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL DEWAYNE BELL,

      Defendant-Appellant.

Nos. 12-5193
(D.C. No. 4:10-CV-00138-GKF-TLW &
4:06-CR-00140-GKF-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Michael Dewayne Bell, a federal prisoner proceeding pro se, seeks to appeal

the district court's dismissal for lack of jurisdiction of his motion for leave to amend

his original 28 U.S.C. § 2255 motion. We deny a certificate of appealability (COA)

and dismiss this proceeding.

Bell was convicted of aggravated bank robbery and carrying a firearm during

and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(a), (d),

924(c)(1)(A)(ii). We affirmed his conviction and sentence on appeal, and the United

States Supreme Court denied his petition for certiorari. He filed a pro se § 2255

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to vacate, set aside, or correct his sentence, alleging that his appellate counsel provided ineffective assistance. The district court denied relief, and this court denied his request for a COA. Bell next filed a motion under Fed. R. Civ. P. 60(b), alleging that the district court failed to address five issues he had raised in his § 2255 motion. The district court agreed that it had not considered two of his issues, and it proceeded to consider and deny those claims on their merits. It deemed the remainder of the motion to be an unauthorized second or successive § 2255 motion, which it dismissed for lack of jurisdiction. Bell appealed, and we denied his request for a COA.

Bell's latest filing in the district court is a motion seeking leave to amend his original § 2255 motion under Fed. R. Civ. P. 15. The district court deemed the motion to be another unauthorized successive § 2255 motion and dismissed it for lack of jurisdiction.

Bell must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner's post-judgment motion is treated like a second or successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction. *See*

*United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). In contrast, if the motion "seeks to correct an error in the previously conducted [§ 2255] proceeding itself," it is not characterized as a successive motion. *Id.* "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1149. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148.

Because Bell proceeds pro se, we liberally construe his motion for leave to amend. *See id.* Bell filed his motion after the district court entered judgment on his original § 2255 motion. "[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated . . . ." *Id.* (quotation omitted). We therefore treat Bell's motion as asking the district court to first set aside judgment under Fed. R. Civ. P. 60(b), and then grant him leave to amend under Rule 15. *See Nelson*, 465 F.3d at 1148.

Bell contends there was a defect in the district court's disposition of his original § 2255 motion because the court failed to address all of his claims of ineffective assistance. *See Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) (per curiam) (holding contention of failure to rule on a properly presented claim asserts a defect in the integrity of § 2255 proceedings rather than a challenge to the merits of the district court's decision). Bell raised this claim in his previous Rule 60(b) motion, which the district court treated, in part, as a "true" Rule 60(b) claim.

The district court remedied the defect by addressing the omitted claims on the merits. Bell's current motion, seeking leave to amend his original § 2255 motion, does not assert a procedural error. Rather, his proposed amendment would add an additional legal argument related to one of his claims of ineffective assistance of appellate counsel that he asserted in his original motion. And the motion asks the district court to grant him a new trial based on a claim of constitutional error in his conviction. The district court therefore did not err in treating Bell's motion for leave to amend as a successive § 2255 motion. *See Nelson*, 465 F.3d at 1148-49.

Citing *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000), Bell argues that the district court abused its discretion in failing to grant him leave to amend his original § 2255 motion. In *Espinoza-Saenz*, we addressed whether under Rule 15(c), an untimely amendment to a § 2255 motion could relate back to the date of the original, timely filed § 2255 motion. *Id.* at 504-05. We held such an amendment may, in the district court's discretion, relate back if it "does not seek to add a new claim or to insert a new theory into the case." *Id.* at 505 (quotation omitted). Bell contends that his motion for leave to amend satisfies this standard. But *Espinoza-Saenz* is inapposite because it addressed the district court's discretion to allow an amendment to a § 2255 motion *before* judgment has been entered. Our decision in *Nelson* controls the disposition of Bell's post-judgment motion to amend.

Finally, to the extent Bell contends that the district court should have notified him before recharacterizing his motion for leave to amend as a § 2255 motion, that

restriction does not apply where a petitioner has previously filed a § 2255 motion. *See Nelson*, 465 F.3d at 1149 ("If the prisoner has filed once, any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third.").

No jurist of reason could reasonably debate the correctness of the district court's determination that, without authorization under § 2255(h), it had no jurisdiction to consider Bell's motion. We deny a COA and dismiss this proceeding.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk