FILED
United States Court of Appeals
Tenth Circuit

October 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL C. PEACH,

Defendant-Appellant.

Nos. 13-3104 and 13-3181
(D. of Kan.)
(D.C. No. 6:95-CR-10052-MLB-1)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Michael Peach appeals the district court's denial of relief for prosecutorial fraud on the court in his 1995 criminal trial. Peach also appeals the district court's denial of his motion for grand jury transcripts, and he moves to proceed *in forma pauperis* (IFP). The government, in turn, asks us to dismiss these appeals as frivolous. We agree with the government and the district court that these cases are frivolous. Accordingly, we DISMISS Peach's appeals, and we DENY Peach's motion to proceed IFP.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Peach was convicted of various crimes in 1995 and 1996. We affirmed Peach's convictions and sentences, *see United States v. Peach*, 113 F.3d 1247 (table) (10th Cir. 1997) (unpublished), and we denied relief from Peach's collateral attack on his convictions, *see United States v. Peach*, 241 F. App'x 530 (10th Cir. 2007).

Since Peach's direct appeal, he has filed a number of challenges to his convictions. *See, e.g.*, *Peach v. Joslin*, No. C-10-020, 2010 WL 4791451, at *1–*2 (S.D. Tex. Sept. 10, 2010) (outlining the history of some of Peach's prior filings). Although he may file only one collateral attack (absent exceptional circumstances not present here), *see* 28 U.S.C. § 2255(h), Peach attempts to avoid this jurisdictional limit by invoking our inherent authority to rectify fraud on the court, *see Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *see also* Fed. R. Civ. P. 60(d)(3).

But Peach's present allegations are simply another attack on the legality of his convictions, a topic about which this court—and other courts—have already spilt much ink. Peach has not requested permission for a second or successive collateral attack, so the present application for relief is not permitted. *See* 28 U.S.C. § 2244(b)(3)(A). Even if we construe this appeal as a request for such permission, the request would fail for lack of new evidence or a new constitutional rule. *See* 28 U.S.C. § 2255(h).

To the extent Peach is actually alleging fraud on the court, his allegations lack any merit. "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). "[O]nly the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated," rises to the level of fraud on the court. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (quoting *Weese*, 98 F.3d at 552–53). Peach's only evidence—from court records—is inadequate to meet this burden. His request for still more transcripts from court proceedings cannot help his claim either. And Peach has not explained why he could not have raised this claim years earlier; all the relevant events occurred in 1995 and are matters of public record.

Given the frivolous nature of these appeals and the numerous times Peach has challenged his convictions, the government's request that we require court approval before the clerk accepts further filings is well taken. "When a *pro se* litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). And "[n]o one, rich or poor, is entitled to abuse the judicial process." *Id.* (internal quotation marks omitted). Thus, we "approve[] restrictions placed on litigants with a documented lengthy history of

-3-

vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order." *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

Accordingly, we caution Peach that future frivolous appeals may result in a summary disposition without discussion and an order requiring him to show cause why this court should not impose appellate filing restrictions. But for now, we deny the government's motion that restrictions be imposed on future filings.

For these reasons, we DISMISS Peach's appeals, and we DENY his motion to proceed IFP.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge