FILED
United States Court of Appeals
Tenth Circuit

March 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DEXTER DEWAYNE BAKER,

     Defendant - Appellant.

No. 17-3131
(D.C. Nos. 6:16-CV-01304-JTM) &
6:12-CR-10076-JTM-1
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Dexter Baker, a federal prisoner proceeding pro se, appeals the district court's

order denying his second or successive 28 U.S.C. § 2255 motion to vacate, set aside,

or correct his sentence. Baker argued that he was sentenced as a career offender

under the residual clause of United States Sentencing Guidelines Manual (USSG)

§ 4B1.2(a)(2) (U.S. Sentencing Comm'n 2011), based in part on a Kansas conviction

for aggravated battery. He asserted a claim for relief based on *Johnson v. United*

*States*, 135 S. Ct. 2551, 2557, 2563 (2015) (holding that the residual clause of the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Armed Career Criminal Act's (ACCA) definition of "violent felony" is unconstitutionally vague). On June 28, 2016, this court granted Baker authorization to file a second or successive § 2255 motion to challenge his sentence under *Johnson*.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). There, the Court distinguished its holding in *Johnson*, explaining: "Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. Thus, the Court held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

The district court then denied Baker's second or successive § 2255 motion, holding that *Beckles* didn't provide a retroactive basis for Baker to challenge his sentence. Baker filed a motion to reconsider arguing that the court should have addressed his challenges to his underlying convictions. The district court treated the motion as filed under Fed. R. Civ. P. 60(b) and denied it because it revisited matters already addressed and dismissed. The court granted a certificate of appealability.

On appeal, Baker concedes that the district court correctly held that a *Johnson* claim challenging an advisory guidelines sentence imposed under the residual clause of USSG § 4B1.2(a) is foreclosed by *Beckles*. Nevertheless, he contends that his underlying aggravated-battery and drug convictions couldn't be used to enhance his sentence under USSG § 4B1.1(a) as either a crime of violence or a controlled

2

substance offense. Thus, he insists that the district court should have granted his Rule 60(b) motion.

But Baker's motion to reconsider asserted a federal basis for relief from his sentence, so it should have been treated as a second or successive § 2255 motion. *See Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) (per curiam) (stating that a Rule 60(b) motion should be treated as a second or successive application "where the motion could be said to bring a claim, i.e., to assert a federal basis for relief from the underlying conviction or sentence"). Consequently, the district court didn't have jurisdiction to consider the merits of the motion to reconsider. *See United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017) (holding district court doesn't have jurisdiction even to deny relief for an unauthorized second or successive motion).

We vacate the order denying the motion to reconsider and remand with instructions to dismiss it as a second or successive § 2255 motion. We affirm the denial of the § 2255 motion.

Entered for the Court

Nancy L. Moritz
Circuit Judge