FILED
United States Court of Appeals
Tenth Circuit

July 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRAIG ALAN DEMEULENAERE,

    Defendant - Appellant.

No. 17-8093
(D.C. Nos. 2:17-CV-00079-NDF &
2:15-CR-00181-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Pro se prisoner Craig DeMeulenaere seeks a certificate of appealability (COA) to

appeal the district court's denial of his 28 U.S.C. § 2255 motion and his motion to alter or

amend the judgment. _See_ 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge

issues a certificate of appealability, an appeal may not be taken to the court of appeals

from . . . the final order in a proceeding under section 2255."). He also requests leave to

proceed in forma pauperis (IFP) on appeal. We deny a COA, deny IFP, and dismiss this

matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.      Background

In 2014, law-enforcement authorities suspected DeMeulenaere of distributing controlled substances in the area of Alpine, Wyoming, based on his telephone records and information provided by numerous confidential sources. Authorities used DeMeulenaere's phone records and a tracking device on his vehicle to discover that he visited drug suppliers in Salt Lake City, Utah, and then made stops in the Alpine area. On July 17, 2015, authorities followed DeMeulenaere to Salt Lake City based on information that he was going there to obtain methamphetamine for distribution in Alpine. On his way back to Alpine, DeMeulenaere was stopped and his vehicle was searched. The search resulted in the seizure of 457 grams of methamphetamine. DeMeulenaere was charged with several federal drug crimes.

In March 2016, DeMeulenaere entered a guilty plea to possession with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine. In exchange for his guilty plea, the government dismissed two other drug counts and a sentence-enhancement provision that would have subjected DeMeulenaere to a mandatory life sentence. In addition, the government agreed to recommend a three-level downward adjustment for acceptance of responsibility. Accordingly, DeMeulenaere's potential sentence decreased from a mandatory life sentence to a sentence between 5 and 40 years. The advisory guidelines range was 97-121 months, and the court imposed a sentence of 97 months. The plea agreement provided, "the parties waive their right to appeal the judgment, conviction, and sentence in this matter," R. Vol. 4, at 8, but did not

waive the right to seek collateral relief. DeMeulenaere did not appeal his conviction or sentence.

DeMeulenaere filed a § 2255 motion raising the following claims of ineffective assistance of counsel: (1) failure to investigate the search of his vehicle; (2) failure to file a motion to suppress the drugs seized during the vehicle search; and (3) failure to provide adequate legal advice regarding the plea agreement. The district court denied the § 2255 motion and denied a COA.

DeMeulenaere then filed a motion to alter or amend the judgment under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure on the ground that the order denying the § 2255 motion rested on erroneous findings of fact—that DeMeulenaere had been arrested when his vehicle was seized and that his vehicle was searched at the scene. He contended he was not arrested at the roadside stop and his vehicle was searched the following day during an inventory search. The district court denied the motion.

## II. Notice of Appeal

DeMeulenaere filed a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B)(i) (providing that in a civil case in which the United States is a party, the notice of appeal may be filed within 60 days of the judgment or order appealed from); *see also United States v. Cruz*, 774 F.3d 1278, 1284 (10th Cir. 2014) (applying Rule 4(a)(1)(B)(i) in § 2255 appeal). In his notice of appeal, DeMeulenaere designated the order denying his motion to alter or amend the judgment as the order being appealed. *See* Fed. R. App. P. 3(c)(1)(B) (stating notice of appeal must, among other things, "designate the judgment,

order, or part thereof being appealed"). Because "Rule 3(c)(1)(B)'s designation requirement is jurisdictional," *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016), ordinarily our review would be limited to the order denying the motion to alter or amend. But within the time for filing a notice of appeal, DeMeulenaere also filed a document indicating his intent to appeal the order denying his § 2255 motion. *See* Untitled document at 1, United States v. DeMeulenaere, No. 17-8093 (10th Cir. Dec. 21, 2017). Liberally construing this pro se filing as a notice of appeal, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), we have jurisdiction over the order denying the § 2255 motion, *see Sines v. Wilner*, 609 F.3d 1070, 1074-75 (10th Cir. 2010) (holding that a filing may be construed as a notice of appeal when the intent to appeal "can fairly be inferred" and the other party is not prejudiced) (internal quotation marks omitted) (collecting cases)).

## III. Denial of § 2255 Motion

DeMeulenaere seeks a COA to appeal the district court's rulings that his trial counsel was not ineffective for failing to investigate the circumstances surrounding the search of his vehicle and for not filing a motion to suppress the drug evidence found in the vehicle. He contends that an investigation would have revealed facts to support a successful motion to suppress the drugs, which would have resulted in the dismissal of the charges or a significantly lower sentence. He also claims the district court was required to hold an evidentiary hearing on these claims.

To merit a COA, DeMeulenaere must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "jurists of

4

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To show that his counsel provided ineffective assistance in violation of the Sixth Amendment, DeMeulenaere must show (1) that his counsel was constitutionally ineffective, and (2) that the result of his criminal proceedings would have been different if not for his counsel's ineffectiveness. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because DeMeulenaere claims his attorney was ineffective for failing to seek suppression of evidence, we consider the merits of the suppression issue. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (holding when the basis for an ineffective-counsel claim is the failure to raise an issue, the court must "look to the merits of the omitted issue"). "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *Id.*

"Under the automobile exception to the warrant requirement, police officers may stop and search a car if they have probable cause to believe it contains contraband, regardless of whether a traffic violation has occurred or a search warrant has been obtained." *United States v. Benard*, 680 F.3d 1206, 1210 (10th Cir. 2012). Officers have probable cause to search a vehicle "if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence." *Id.* (internal quotation marks omitted). Moreover, "[u]nder the collective knowledge doctrine, the officer who conducts the vehicle search does not need to be aware of the facts establishing probable cause, so long as he is acting on instructions delivered by an officer who has probable cause." *Id.* We agree with the district court that the officers who stopped

5

DeMeulenaere's vehicle had probable cause to search his vehicle based on their extended investigation of his methamphetamine dealing.

Furthermore, DeMeulenaere acknowledges that the drugs were found during an inventory search of the vehicle. Inventory searches "are now a well-defined exception to the warrant requirement of the Fourth Amendment," when "conducted according to standardized procedures" and "justified by the administrative purposes of such searches." *United States v. Tueller*, 349 F.3d 1239, 1243 (10th Cir. 2003) (internal quotation marks omitted).[1] Therefore, we agree with the district court that an investigation of the traffic stop would not have revealed facts to support suppression of the drugs found in DeMeulenaere's vehicle. And as the district court noted, the government had extensive evidence of DeMeulenaere's drug trafficking besides the drugs found in his vehicle, including phone and text messages, witness statements, pictures from pole cameras, evidence from the tracking device placed on his vehicle, evidence found at his residence, and evidence from extensive surveillance. Therefore, even if the drugs in the vehicle had been suppressed, dismissal of any of the charges would have been unlikely. Thus, counsel's failure to conduct an investigation or to file a motion to suppress the drugs found in the vehicle did not prejudice DeMeulenaere.

In addition, DeMeulenaere failed to show that his counsel's performance prejudiced him because, as the district court observed, he "received a considerable benefit . . . [b]y agreeing to plead guilty and not pursue a motion to suppress." R. Vol. 1,

---

[1] Although the district court did not rely on this ground, we may deny a COA on a ground that is supported by the record but not relied on by the district court. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

6

at 125. Absent the plea agreement, DeMeulenaere faced additional drug counts and a much longer sentence. Therefore, having concluded that counsel's performance did not prejudice DeMeulenaere, we need not address whether DeMeulenaere can establish that his counsel's performance was deficient. *See Orange*, 447 F.3d at 797 n.5 (stating that if the court decides counsel's performance did not prejudice the defendant, resolution of the performance issue is not required).

DeMeulenaere also contends that the district court erred in resolving his § 2255 motion without an evidentiary hearing. "We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion, and we find no abuse of discretion." *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002) (citation omitted).

After reviewing DeMeulenaere's combined application for a COA and opening brief and the record on appeal, we agree with the district court and determine that no reasonable jurist could conclude that DeMeulenaere made a substantial showing of a denial of his constitutional rights. Therefore, he has failed to establish his entitlement to a COA.

## IV. Denial of Motion to Alter or Amend Judgment

DeMeulenaere also seeks a COA to appeal the order denying his motion to alter or amend the judgment, which asserted that the district court erroneously found that he was arrested and his vehicle was searched at the scene of the traffic stop. He contended that because he was not arrested and his vehicle was not searched at the scene, the district court erred in concluding that the search of his vehicle was legal and that his counsel was not ineffective.

7

Before we may consider the merits of the postjudgment motion, "we must determine whether [DeMeulenaere's] claims—although not characterized as such—seek collateral relief under 28 U.S.C. § 2255." *United States v. Springer*, 875 F.3d 968, 971 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2002 (2018). The motion was characterized as filed under Rules 59(e) and 60(b), but "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson,* 465 F.3d 1145, 1149 (10th Cir. 2006). We conclude that the motion to alter or amend is properly characterized as an attempt to file a second or successive § 2255 motion because it "attack[ed] the federal court's previous resolution of a claim *on the merits*," *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005). An allegation "that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.*; *accord In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) ("[A] Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding."); *cf. Peach v. United States*, 468 F.3d 1269, 1272 (10th Cir. 2006) (per curiam) (holding a Rule 60(b) motion claiming the district court failed to consider a claim raised in the § 2255 motion was not a second or successive § 2255 motion).[2]

---

[2] DeMeulenaere's motion seeking reconsideration of the order denying his § 2255 motion invoked Rule 59(e) as well as Rule 60(b). We have stated that "Rule 59(e) motions are subject to the same characterization" as second or successive petitions as are Rule 60(b) motions. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

8

"[A] second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court." *Nelson*, 465 F.3d at 1148; *see also* 28 U.S.C. § 2255(h) (requiring a second or successive § 2255 motion to be authorized by the circuit court). "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Nelson*, 465 F.3d at 1148. Consequently, the district court had jurisdiction to "either dismiss the motion, or if it [was] in the best interests of justice, transfer the motion to the circuit court for authorization." *Springer*, 875 F.3d at 972.

Ordinarily, our COA inquiry following a district court's merits decision "focus[es] on whether 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* at 981 (quoting *Slack*, 529 U.S. at 484). In the alternative, "had the district court dismissed [DeMeulenaere's] unauthorized second or successive petition for lack of subject matter jurisdiction, we could proceed according to the two-part test for procedural rulings." *Id.* Under that test, a prisoner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, however, the district court did not treat DeMeulenaere's motion to alter or amend the judgment as a § 2255 motion and, without circuit-court authorization, denied it on the merits. "[T]hat procedural posture provides a basis for denial of a COA" as a "plain procedural bar." *Springer*, 875 F.3d at 981; *see also id.* (stating "we may deny a

COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar" (internal quotation marks omitted)).

"Under these circumstances, reasonable jurists could not debate whether [DeMeulenaere] could prevail on appeal when the district court lacked jurisdiction to issue a final order. Based on this 'plain procedural bar,' we deny [DeMeulenaere's] request for a COA." *Id.* at 983.

## V.     Conclusion

We deny DeMeulenaere's request for a COA to appeal the order denying his § 2255 motion. We also deny his request for a COA to appeal the motion to alter or amend, with instructions to the district court to vacate its order denying the motion. We further deny DeMeulenaere's IFP request. This matter is dismissed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge