FILED
United States Court of Appeals
Tenth Circuit

February 15, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLO TOOMBS,

    Defendant - Appellant.

No. 22-3162
(D.C. Nos. 2:10-CR-20009-JAR-1 &
2:14-CV-2380-CM)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Marlo Toombs, a federal prisoner proceeding *pro se*, filed a Federal Rule of

Civil Procedure 60(b) motion in the district court, seeking to reopen his 28 U.S.C.

§ 2255 proceeding.  The district court denied that motion, and Toombs now moves

for a certificate of appealability (COA).  We deny a COA and dismiss this matter.

**I.     BACKGROUND & PROCEDURAL HISTORY**

In 2008, a federal jury convicted Toombs of various charges relating to drugs

and firearms.  On appeal, however, we held he had not been brought to trial within

the time required by the Speedy Trial Act and remanded for the district court to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determine the remedy. *See United States v. Toombs*, 574 F.3d 1262, 1269–72, 1277 (10th Cir. 2009) (*Toombs I*). On remand, the district court dismissed the indictment without prejudice. Toombs was then re-indicted, a jury again convicted, and he again appealed. *See United States v. Toombs*, 713 F.3d 1273, 1275 (10th Cir. 2013) (*Toombs II*).

The major dispute in *Toombs II* was the district court's choice during the second trial to admit the transcript of Toombs's testimony from the first trial. *See id.* at 1278. We held this did not violate Toombs's Fifth Amendment right against self-incrimination, but the district court erred when it failed to evaluate that testimony for admissibility under the Federal Rules of Evidence. *Id.* at 1279. That error was harmless, however, given the other evidence of Toombs's guilt. *Id.* We accordingly affirmed.

Soon after this second appeal, Toombs filed a *pro se* § 2255 motion. This motion, comprising 107 pages, was haphazardly organized. But the final pages appeared to settle on six claims of ineffective assistance of counsel, labeled A through F. Toombs directed two of those claims (grounds A and F) at the pair of attorneys who represented him in the lead-up to the first trial. He asserted those two attorneys committed errors that continued to affect him through all later proceedings. He directed the remaining claims (grounds B, C, D, and E) at a third attorney who substituted in before the first trial and who represented him through both trials and appeals.

The government's response brief summarily restated Toombs's six claims and argued that all lacked merit. The district court, after noting Toombs's failure to "readily identify the errors upon which his claims for ineffective assistance of counsel rest," accepted the government's summary version as "a fair representation of [his] claims." R. vol. 4 at 172, 173.

On the merits, the district court disposed of Toombs's six claims in three sets of two. The district court dismissed the two claims asserted against the attorneys who had been replaced before the first trial (grounds A and F) because, in the court's view, dismissal of the first indictment provided Toombs complete relief against his original attorneys. The court then found that two claims asserted against the third attorney (grounds B and D) were foreclosed by arguments resolved against Toombs in *Toombs II*. Finally, as to the remaining claims (grounds C and E), the court concluded that Toombs had not met his burden to demonstrate counsel's ineffectiveness.

Toombs quickly filed a motion to reconsider. Among many other things, he argued that: (1) the day after filing his § 2255 motion, he had filed a seventh ground for relief (ground G) that the government never addressed and the district court never ruled on; and (2) the government's summary of grounds A through F had been inaccurate, in turn causing the court to misunderstand Toombs's arguments.

The district court did not make any explicit ruling about the first argument (regarding ground G). The court denied the second argument on the merits, or,

3

alternatively, dismissed it for lack of jurisdiction to the extent it asserted new claims for § 2255 relief.

Toombs sought a COA from this court to appeal the district court's § 2255 order and its order resolving his motion to reconsider. We granted a COA as to the ineffective-assistance claims brought against the original two attorneys (grounds A and F). On the merits, however, we affirmed the district court's judgment on an alternate basis. Specifically, although Toombs asserted his first two attorneys committed errors that continued to matter during the second trial, he never explained "what those errors might be and how they may have affected the outcome." *United States v. Toombs*, 717 F. App'x 796, 800 (10th Cir. 2017) (*Toombs III*). Thus, he had failed to present a meritorious ineffective-assistance claim against them.

We also granted a COA as to the two claims the district court dismissed because it concluded Toombs was reasserting matters we had resolved against him in *Toombs II* (grounds B and D). We held that our decision had not foreclosed those claims. But again, we affirmed on the alternate basis that those claims lacked merit.

As to all other grounds and issues, we denied a COA. This denial specifically included Toombs's argument that "the [district] court did not fully understand his § 2255 claims because it relied on and adopted the government's misinterpretation of his claims." 717 F. App'x at 803. We did not say anything about ground G.

Returning to the district court, Toombs filed the Rule 60(b) motion currently at issue. He generally claimed "he did not get a 'fair shot' in his original §2255

proceeding[,] due to circumstances completely beyond his control." R. vol. 5 at 8.

More specifically, he asserted:

1.  This court unfairly reached the merits of his ineffective-assistance claims against his original attorneys (grounds A and F) in *Toombs III*.

2.  The district court:

    a.  failed to rule on every assertion in support of ground A,

    b.  failed to rule on ground G, and

    c.  failed to conduct a cumulative error analysis based on errors this court supposedly identified in *Toombs II* and *Toombs III*.

3.  The district court relied on the government's characterization of grounds A through F, but the government intentionally mischaracterized those grounds.

The district court "liberally construe[d] [Toombs's] motion as a true Rule 60(b) motion," *id.* at 439, but denied relief. Toombs then filed the COA motion now before us.

## II.    ANALYSIS

We must first ask if Toombs brought a true Rule 60(b) motion (over which the district court had jurisdiction) or, in substance, an unauthorized successive § 2255 motion (over which the district court did not have jurisdiction). *See In re Pickard*, 681 F.3d 1201, 1204–05 (10th Cir. 2012). Either way, Toombs requires a COA. *See, e.g.*, *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (noting that COA is required to appeal denial of a true Rule 60(b) motion filed in a habeas proceeding).

To obtain a COA, Toombs must "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We may deny a COA on any basis

evident in the record, even if different from the district court's disposition. *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). For example, if we conclude the district court lacked jurisdiction, we may deny a COA on that basis. *See id.*

As explained below, we find that the rule established in *Davis* applies here, so we pause to clarify an apparent conflict in our case law. Specifically, the year following our *Davis* decision, we held that if "the district court has incorrectly treated a second or successive petition as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1219 (10th Cir. 2006). In other words, instead of merely denying a COA because the district court lacked jurisdiction, *Spitznas* counsels that the court should affirmatively correct the district court's error and then decide if the petitioner could have filed a successive petition.

We question whether we may vacate the district court order when we have not granted a COA—meaning we have not assumed jurisdiction over the appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) ("Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge. This is a jurisdictional prerequisite . . . ."). We also emphasize that construing a request for a COA as an application to file a second or successive petition is discretionary, "as warranted in the interests of justice," *Spitznas*, 464 F.3d at 1219 n.8, and the interests of justice frequently counsel otherwise, *cf. Jones v. Braxton*, 392 F.3d 683, 690 (4th Cir. 2004)

6

("The risk of prejudice [to the prisoner] is greatest when a petitioner-appellant has focused his briefing on challenging the reasoning of the district court's dismissal, instead of detailing his grounds for pre-filing authorization of a successive petition.").

As between *Davis* and *Spitznas*, we will follow *Davis*. It is the earlier decision, and "[i]n cases of conflicting circuit precedent our court follows earlier, settled precedent over a subsequent deviation therefrom," *United States v. Suggs*, 998 F.3d 1125, 1137 (10th Cir. 2021) (internal quotation marks omitted). To the extent *Davis* and *Spitznas* do not conflict, but merely establish different approaches, we find the *Davis* approach more appropriate.

We now turn to each of Toombs's arguments asserted in his Rule 60(b) motion and explain why they were not true Rule 60(b) arguments.

### A.    Arguments 1, 2(a), and 3

We disagree with the district court's choice to exercise jurisdiction over Toombs's arguments 1, 2(a), and 3. To understand why, we begin by emphasizing that all of Toombs's original § 2255 claims (grounds A through F) have been resolved on the merits. The district court resolved grounds C and E in its original order disposing of the § 2255 motion. This court resolved grounds A, B, D, and F in *Toombs III*. To the extent Toombs now seeks to reopen the merits of those claims, this court must authorize such an argument before he may present it to the district court. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (explaining, in the § 2254 context, that when a movant "asserts that a previous ruling regarding one of

7

[his habeas] grounds was in error[,] he is making a habeas corpus claim" that must receive appellate-court authorization); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (holding that the approach established in *Gonzalez* applies in § 2255 proceedings).

Toombs's argument 1 challenges *Toombs III*'s resolution of grounds A and F. Argument 2(a) claims the district court did not address every assertion in support of ground A. Argument 3 attacks the district court's reliance on the government's characterization of grounds A through F. Each of these arguments seeks to reopen the merits of grounds A through F, but we have not authorized Toombs to do so. We deny a COA on this basis.[1]

### B.     Argument 2(b)

Argument 2(b) claims the district court failed to rule on ground G. On its face, this appears to be the sort of thing over which the district court could properly exercise jurisdiction. *See Peach v. United States*, 468 F.3d 1269, 1270–72 (10th Cir. 2006) (holding that a prisoner does not need this court's authorization to file a Rule 60(b) motion claiming the district court failed to rule on one of his § 2255 claims). Looked at more closely, however, argument 2(b) immediately runs into a second-or-successive problem.

---

[1] Even if the district court had jurisdiction, we would deny a COA as to these arguments due to the mandate rule. *Cf. Colo. Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir. 1992) ("Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations.").

The first mention in the record of ground G is in Toombs's motion to reconsider the denial of his § 2255 motion. There, he claimed he sent "Supplementary Ground G" to the district court "one day after filing his §2255." R. vol. 4 at 199. We have reviewed every docket entry between Toombs's § 2255 motion and his motion to reconsider, and we have not discovered ground G, nor any reference to it. In short, the record shows there was no ground G until after the district court ruled on Toombs's § 2255 motion. Thus, his request for a ruling on the supposedly overlooked ground G was, in substance, a request for a ruling on a new claim. The district court did not have jurisdiction to consider that request, and we deny a COA on this basis.[2]

### C.    Argument 2(c)

Finally, the district court also lacked jurisdiction over argument 2(c), in which Toombs claimed the district court failed to rule on the cumulative error argument supposedly asserted in his § 2255 motion. That motion made only a passing reference to cumulative error, and that reference was probably not enough to preserve

---

[2] Even if the district court had jurisdiction, we would again deny a COA. The claim that the district court overlooked ground G is something Toombs should have raised in his appeal from the denial of his § 2255 motion, i.e., *Toombs III*. We have reviewed Toombs's brief from that appeal and we conclude his discussion of ground G amounted to no more that "stray sentences [that] are insufficient to present an argument," *Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015). And, given his failure to preserve the argument, this court's mandate prevented the district court from reaching the issue. *See Est. of Cummings ex rel. Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 801 (10th Cir. 2018) ("[T]he mandate rule applies not only to issues on which the higher court has ruled but also forecloses litigation of issues decided by the district court but forgone on appeal or otherwise waived." (internal quotation marks and brackets omitted)).

the argument.  But preserved or not, Toombs faces a larger obstacle, namely, the cumulative error argument mentioned in his § 2255 motion is not the same cumulative error argument asserted in his Rule 60(b) motion.

Toombs's § 2255 motion said that a cumulative-error analysis was "appropriate, as court has already recognized an existing fifth amendment violation as a harmless error."  R. vol. 4 at 49.  We presume Toombs was referring to our decision holding that the district court committed harmless error when it failed to evaluate the admissibility of his previous trial testimony under the Federal Rules of Evidence.  *See Toombs II*, 713 F.3d at 1279.  To be clear, we held that admission of his testimony did *not* violate the Fifth Amendment.  *See id.*  Thus, Toombs's original cumulative-error argument was based on a misunderstanding of our decision.

In any event, the cumulative-error argument asserted in his Rule 60(b) motion is not the same.  In that motion, he claimed this court had identified multiple harmless errors—namely, the admission of his prior trial testimony (as discussed in *Toombs II*) *plus* matters that this court supposedly found to be harmlessly erroneous in *Toombs III*—so the district court should have evaluated the effect of those errors together.  As before, this argument is based on a misunderstanding.  We did not hold in *Toombs III* that Toombs had established error in his trial, harmless or otherwise.  For present purposes, however, the important point is that argument 2(c) asks for a ruling on a different cumulative-error claim than the one the district court supposedly overlooked.  *Cf. Hooks v. Workman*, 689 F.3d 1148, 1194 (10th Cir. 2012) (in the § 2254 context, noting that a cumulative-error claim comprises all the relevant

10

harmless errors).  Thus, the district court could not rule on this claim without our authorization (which we never gave).  We deny a COA for this reason.[3]

## III.    CONCLUSION

We deny a COA and dismiss this matter.  We grant Toombs's motion to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[3] Even if Toombs were asking for a COA only as to the cumulative-error argument he asserted in his § 2255 motion, we would still deny that request.  A cumulative-error analysis, by definition, requires "at least two errors."  *Hooks*, 689 F.3d at 1195.  The only trial error we have ever found was the district court's decision (discussed in *Toombs II*) to admit Toombs's testimony from his first trial into the second trial without considering admissibility under the Federal Rules of Evidence.  Given that single error, his cumulative-error argument would necessarily fail.