FILED
United States Court of Appeals
Tenth Circuit

September 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

VERDALE HANDY,

        Defendant-Appellant.

No. 15-3173
(D.C. Nos. 2:14-CV-02035-CM &
2:09-CR-20046-CM-8)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

A federal jury convicted Verdale Handy of conspiracy to distribute heroin resulting in death and serious bodily injury, along with various other offenses. After this court rejected Mr. Handy's direct appeal, *see United States v. Handy*, 505 F. App'x 682 (10th Cir. 2012), he brought a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel in that appeal. The district court denied relief and declined to issue a certificate of appealability allowing him to challenge its decision in this court. Mr. Handy now asks us to revisit that decision and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grant him a COA so he may challenge the district court's resolution of his ineffective assistance claim.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where as here the district court has rejected the constitutional claims on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Handy proceeds in this court *pro se*, we review his pleading with special solicitude.

Even so, we cannot say a COA is warranted in this case. *Strickland v. Washington*, 466 U.S. 668 (1984), requires a party alleging ineffective assistance to show, among other things, that counsel's performance was "objectively unreasonable." The district court held that Mr. Handy failed to establish so much and we do not believe reasonable jurists would debate its conclusion. Mr. Handy contends that his appellate counsel should have challenged the admission at trial of certain statements made by his co-conspirators because the government failed to prove by a preponderance of the evidence that a conspiracy ever existed between them under the terms of *United States v. James*, 590 F.2d 575 (5th Cir. 1979). The district court, however, expressly found a conspiracy did exist during a *James* hearing before trial. And the record includes a wealth of evidence to support its conclusion: multiple residences used by the co-conspirators in concert

to sell heroin, their standard pricing across residences, and customer referrals between them. This in addition to the co-conspirators' statements to Agent Bennett and other government agents discussing Mr. Handy's role in their mutual organization. To be sure, Mr. Handy now attempts to challenge the reliability of a slice of this evidence, in particular the statements made to Agent Bennett. But there is so much of it that a preponderance of evidence suggesting a conspiracy would remain even if Mr. Handy's slice is excised and ignored. Given this and like the district court, we cannot help but think counsel's decision to abjure a *James* argument on appeal was an understandable and reasonable tactical decision. It is long settled that to perform effectively appellate counsel "need not (and should not) raise every nonfrivolous claim." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

The application for a COA is denied and the appeal is dismissed. Mr. Handy was previously granted authority by the district court to proceed *in forma pauperis*, and that authority extends to proceedings before this panel, so there is no need for us to pass on his motion seeking the same relief from us.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge