**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VERDALE HANDY,

    Defendant - Appellant.

No. 16-3003
(D.C. Nos. 2:14-CV-02035-CM and
2:09-CR-20046-CM-8)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

Verdale Handy, a federal inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal the denial of his motion to correct error in a prior habeas proceeding. Fed. R. Civ. P. 60(b). The district court denied the motion on the merits, rejecting the claim that his due process rights were violated because the government had not responded to an argument in his unsuccessful 28 U.S.C. § 2255 motion. United States v. Handy, No. 2:09-cr-20046-CM (D. Kan. Dec. 18, 2015). Because Mr. Handy's Rule 60(b) motion is properly characterized as an attempt to file a second or successive § 2255 motion, we construe this appeal as an application to file such a motion, and deny the application. We also vacate the district court's merits order.

In 2010, Mr. Handy was convicted of multiple drug trafficking offenses, attempted murder, and possession and use of a firearm during a crime of violence. He was sentenced to life imprisonment. Mr. Handy filed a direct appeal, which this court rejected, affirming his conviction and sentence. United States v. Handy, 505 F. App'x 682 (10th Cir. 2012), cert. denied, 133 S. Ct. 2751 (2013). He then filed a § 2255 motion alleging his appellate counsel was constitutionally ineffective. The district court denied his motion; this court denied a COA and dismissed the appeal. United States v. Handy, No. 09-20046-08, 2015 WL 3966242 (D. Kan. June 29, 2015), appeal dismissed, 614 F. App'x 379 (10th Cir. 2015).

In 2015, Mr. Handy filed a Fed. R. Civ. P. 60(b) motion claiming that his due process rights were violated when the government failed to respond to an argument in his § 2255 brief that a detective testified falsely at his James hearing. Motion to Correct Error in Prior Habeas Proceedings at 2, Handy, No. 2:09-cr-20046-CM, ECF No. 830 ("Prosecutor failure to respond to his briefed claim of violation of Due Process (fabricated testimony) therefore depriving him of his right to be fully heard."). The district court denied the motion on the merits, explaining that it had expressly rejected the underlying argument in its order on the § 2255 motion. Handy, No. 2:09-cr-20046-CM, slip op. at 2 (citing Handy, 2015 WL 3966242, at *3 n.2). The court also noted the ostensible Rule 60(b) motion was "an attempted second bite at the apple." Id.

In the federal post-conviction context, a court sometimes must characterize a pleading as a true Rule 60(b) motion or a second or successive motion requiring authorization by this court. Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006) (explaining the distinction as enunciated in Gonzalez v. Crosby, 545 U.S. 524 (2005)). A second or successive § 2255 motion asserts or reasserts, in substance or effect, a federal basis for relief from the defendant's underlying federal conviction; a true Rule 60(b) motion challenges the federal court's ruling on procedural issues or a defect in the integrity of the post-conviction proceedings. Id. at 1215–16; see also United States v. Baker, 718 F.3d 1204, 1206 (10th Cir. 2013).

Although alluding to its repetitive character, the district court treated this as a true Rule 60(b) motion and denied it on the merits. Mr. Handy's latest motion, however, is not a true Rule 60(b) motion, it is a second or successive attempt at post-conviction relief based upon arguments already rejected. It is simply a collateral attack. Therefore, the district court lacked jurisdiction and we vacate its disposition on the merits of the underlying motion.

We construe this, instead, as an application to file a second or successive motion, authorizing it only if it meets 28 U.S.C. § 2244's requirements. See 28 U.S.C. §§ 2255(h); 2244(b)(3). Section 2244 prohibits consideration of claims already argued in a prior application. Id. § 2244(b)(1). Mr. Handy raises only one claim in his Rule 60(b) motion and, as he admits, it was previously raised in

- 3 -

his § 2255 motion.

We VACATE the district court's order for lack of jurisdiction. Mr. Handy's Rule 60(b) motion is construed as an application to file a second or successive habeas petition, and such application is DENIED. This denial is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge