FILED
United States Court of Appeals
Tenth Circuit

August 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VERDALE HANDY,

    Defendant - Appellant.

No. 17-3121
(D.C. Nos. 2:16-CV-02724-CM &
2:09-CR-20046-CM-8)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Verdale Handy, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order construing his Fed. R. Civ. P. 15

motion to amend his original 28 U.S.C. § 2255 habeas motion as an unauthorized second

or successive § 2255 petition and dismissing it for lack of jurisdiction. We deny a COA

and dismiss this matter.

## *Background*

In 2010, Handy was convicted of multiple drug trafficking offenses, attempted

murder, and possession and use of a firearm during a crime of violence. He was

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to life imprisonment. This court rejected his direct appeal and affirmed his conviction and sentence.

Handy then filed a § 2255 motion alleging ineffective assistance of appellate counsel, including the failure to challenge the truthfulness of the government's witness testimony at his *James* hearing.[1] The district court denied the motion in June 2015; this court denied a COA and dismissed the matter.

In December 2015, Handy filed in district court a Fed. R. Civ. P. 60(b) motion. He claimed that his due process rights were violated when the government failed to respond to the argument in his original § 2255 brief that a detective testified falsely at his *James* hearing. The court denied the motion on the merits, explaining that it had expressly rejected the false testimony and ineffective assistance of counsel arguments in its order on Handy's first § 2255 motion. *United States v. Handy*, No. 2:09-cr-20046-CM, slip op. at 2 (D. Kan. Dec. 18, 2015), ECF No. 831, citing *United States v. Handy*, No. 2:09-cr-20046-CM, 2015 WL 3966242, at *2, 3 (D. Kan. June 29, 2015). Handy filed an application for a COA in this court. This court concluded that the Rule 60(b) motion was not a true Rule 60(b) motion; instead it was a second or successive attempt at post-conviction relief based on arguments that had been rejected. We proceeded to consider Handy's COA application as a motion to file a second or successive motion and determined that it could not be authorized because 28 U.S.C. § 2244(b)(1) prohibits

---

[1] A *James* hearing is conducted outside the presence of the jury to make the factual determinations necessary to admit the statements of a defendant's co-conspirators as non-hearsay. *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (citing *United States v. James*, 590 F.2d 575 (5th Cir. 1979)).

2

consideration of claims argued in a prior application. We vacated the district court's order for lack of jurisdiction and denied the motion to file a second or successive habeas petition.

Most recently, Handy filed a motion in district court to amend his original § 2255 motion under Fed. R. Civ. P. 15 to add a claim that the court failed to rule on his claim of fabricated testimony at the *James* hearing and for ineffective assistance of counsel. The court construed Handy's motion to amend as an unauthorized successive § 2255 motion, and dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2255 motion] . . . is filed in the district court, the [movant] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [motion]."). Handy now seeks to appeal.

### *Analysis*

To appeal, Handy must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can easily dispose of this matter based on the procedural one. *See id*. at 485.

3

"It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). If the pleading "seeks relief from the conviction or sentence," it should be treated as a successive § 2255 application. *Id.* at 1147. "On the other hand, if the pleading only attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, then it is not advancing a new claim and should not be characterized as a successive petition." *Id.* (internal quotation marks omitted).

According to Handy, his pleading attacks a defect in the integrity of his federal habeas proceedings and, therefore, is not a successive petition. We do not reach the issue because the claims Handy wants to pursue were presented in a prior application and must be dismissed. *See* § 2244(b)(1). There is no debate that the district court's procedural ruling was correct.

A COA is denied and this matter is dismissed.

Entered for the Court

*[signature]*

ELISABETH A. SHUMAKER, Clerk
