FILED
United States Court of Appeals
Tenth Circuit

July 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERDALE HANDY,

Defendant - Appellant.

No. 18-3086
(D.C. Nos. 2:16-CV-02724-CM
and 2:09-CR-20046-CM-8)
(D. Kansas)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ,** and **McHUGH**, Circuit Judges.

Verdale Handy, a federal prisoner appearing pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his motion seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b)(4). Because Mr. Handy has failed to make "a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Handy is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I. BACKGROUND

Mr. Handy is serving a life sentence in federal prison. He was convicted in 2010 of multiple drug trafficking offenses, attempted murder, and possession and use of a firearm during a crime of violence. We affirmed his convictions and sentence on direct appeal. *United States v. Handy*, 505 F. App'x 682 (10th Cir. 2012) ("*Handy I*"). After unsuccessfully petitioning the Supreme Court for a writ of certiorari, *see Handy v. United States*, 569 U.S. 1011 (2013), Mr. Handy has since filed a succession of pro se motions and appeals seeking to reopen his case.

First, he brought a 28 U.S.C. § 2255 motion claiming that his counsel provided ineffective assistance of counsel on direct appeal for failing to argue that certain co-conspirator statements should not have been admitted at trial. He asserted that evidence presented at his *James* hearing[2] did not establish the existence of a conspiracy, and he faulted his counsel for failing to argue that Pamela Bennett, a Kansas City police detective, lied when testifying at that hearing. The district court denied relief and declined to issue a COA. Mr. Handy renewed his request for a COA in this court, but we too denied a COA, concluding reasonable jurists would not debate the district court's conclusion and dismissing Mr. Handy's appeal. *United States v. Handy*, 614 F. App'x 379 (10th Cir. 2015) ("*Handy II*").

---

[2] As we explained when disposing of one of Mr. Handy's prior appeals, "[a] *James* hearing is conducted outside the presence of the jury to make the factual determinations necessary to admit the statements of a defendant's co-conspirators as non-hearsay." *United States v. Handy*, 703 F. App'x 685, 686 n.1 (10th Cir. 2017) ("*Handy IV*") (citing *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995)).

Second, he filed a motion under Federal Rule of Civil Procedure 60(b) claiming that his due process rights were violated when the government failed to respond to his § 2255 argument that Detective Bennett testified falsely at his *James* hearing. The district court denied Mr. Handy's motion on the merits. He appealed again. We concluded that Mr. Handy's motion was "not a true Rule 60(b) motion" but rather a "second or successive attempt at post-conviction relief based upon arguments already rejected." *United States v. Handy*, 646 F. App'x 635, 637 (10th Cir. 2016) ("*Handy III*"). We vacated the district court's disposition on the merits for lack of jurisdiction and construed Mr. Handy's Rule 60(b) motion as an application to file a second or successive motion under 28 U.S.C. § 2244, which we denied. *Id.* at 637.

Third, he filed a motion under Federal Rule of Civil Procedure 15 to amend his original § 2255 motion to add a claim that the court failed to rule on his claim of fabricated testimony at the *James* hearing and for ineffective assistance of counsel. The district court construed Mr. Handy's motion to amend as an unauthorized successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Handy again sought to appeal. But we again denied a COA, concluding that the claims Mr. Handy wanted to pursue were the same claims presented in a prior § 2255 application and therefore were subject to dismissal. *United States v. Handy*, 703 F. App'x 685, 687 (10th Cir. 2017) ("*Handy IV*").

A few weeks after our 2017 ruling, Mr. Handy filed two more motions in the district court. First, he filed a motion under Federal Rule of Civil Procedure 60(b)(4) asserting that the district court failed to rule on his § 2255 claim for fabricated false

3

testimony and that this failure amounted to a procedural defect in his § 2255 proceedings. Second, he filed a motion under Federal Rule of Civil Procedure 15(c)(2) once again seeking to amend his original § 2255 motion. Mr. Handy described his Rule 15(c)(2) motion as "contingent and permeated on the success of" his Rule 60(b)(4) motion. R. 465.

The district court again denied relief. It explained that it would consider Mr. Handy's Rule 60(b)(4) motion only to the extent it sought to correct a procedural error in the disposition of his original § 2255 motion. *Id.* at 492. The district court then rejected Mr. Handy's contention that it had failed to rule on his fabricated-testimony claim. In the district court's view, it "ha[d] already addressed this issue numerous times." *Id.* at 493. The district court then identified two prior instances in the record. First, it cited its order denying Mr. Handy's original § 2255 motion, in which the district court stated in a footnote that Mr. Handy "called Detective Bennett a liar, using various pejorative terms, more than 110 times in his forty-two pages of briefing." *Id.* (quoting R. 306 n.2). Second, it cited its (vacated) order denying Mr. Handy's so-called Rule 60(b) motion (which we later construed as an unauthorized second or successive § 2255 motion, *see Handy III*, 646 F. App'x at 637), in which the district court stated that it was "well aware that defendant alleged Detective Bennett fabricated her testimony, and the court considered that argument in rejecting defendant's habeas petition." *Id.* (quoting R. 358).

The district court entered an order denying Mr. Handy's Rule 60(b)(4) motion on the merits "to the extent that there is no procedural error under Rule 60(b)" and dismissing that same motion "to the extent it is a successive § 2255 petition." R. 494. The

4

district court also dismissed Mr. Handy's contingent Rule 15(c)(2) motion as moot and denied a COA.

Mr. Handy now applies for a COA from this court so that he may appeal the district court's denial of his Rule 60(b)(4) motion and dismissal of his Rule 15(c)(2) motion.

## II.    ANALYSIS

We must first determine whether Mr. Handy's Rule 60(b)(4) motion is a "true" Rule 60(b) motion or whether it is in reality a misnamed second or successive § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1217–19 (10th Cir. 2006) (describing the procedures to be followed on appeal from the denial of a Rule 60(b) motion in a habeas case). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

Rule 60(b)(4) provides relief from void judgments, *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994), which are "legal nullit[ies]," *United Student Air Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* But when Rule 60(b)(4) is applicable, "relief is not a discretionary matter; it is mandatory." *Orner*, 30 F.3d at 1310 (quotation omitted). And the rule "is not subject to any time limitation." *Id.* (quotation omitted). The district court construed Mr. Handy's motion as a "true" Rule 60(b)(4) motion—at least in

5

part—and denied relief on the merits. "If the district court correctly treated the motion (or any portion thereof) as a 'true' Rule 60(b) motion and denied it," then Mr. Handy must obtain a COA before proceeding with his appeal.[3] *Spitznas*, 464 F.3d at 1217–18.

On the other hand, if Mr. Handy's Rule 60(b)(4) motion is in reality a second or successive § 2255 motion, then "the district court d[id] not even have jurisdiction to deny the relief sought in the pleading." *Nelson*, 465 F.3d at 1148; *see* 28 U.S.C. §§ 2244, 2255(h). That is because "a second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court," *Nelson*, 465 F.3d at 1148, which approval we have not given. A COA is also required to appeal from the dismissal of an unauthorized § 2255 petition. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).

To distinguish between a "true" prisoner Rule 60(b) motion and a second or successive § 2255 motion, we focus on the nature of the relief sought. If the motion "in substance or effect asserts or reasserts a . . . basis for relief from the petitioner's underlying conviction," then it is a second or successive § 2255 motion. *Spitznas*, 464 F.3d at 1215. But if the motion "does not challenge the merits of the district court's resolution of his [original] § 2255 motion, but only an alleged defect in the integrity of

---

[3] The necessity of a COA in this context has been the subject of some debate. *See Williams v. Warrior*, 631 F. App'x 587, 589 & n.1 (10th Cir. 2015) (noting a tension between our COA requirement and the Supreme Court's "strict reading of the language in 28 U.S.C. § 2253(c)(1)(A) that limits the COA requirement to 'final orders that dispose of the merits of a habeas corpus proceeding'" (citing *Harbison v. Bell*, 556 U.S. 180, 183 (2009)); *see also Buck v. Davis*, 137 S. Ct. 759, 772 n.* (2017) (noting an apparent circuit split over whether a COA is needed to appeal the denial of a Rule 60(b) motion and assuming without deciding that a COA is needed). Mr. Handy concedes that a COA is needed. We accept his concession.

the earlier § 2255 proceedings," then it presents "a 'true' Rule 60(b) claim and should not [be] construed as a second or successive § 2255 motion." *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006).

Mr. Handy's Rule 60(b)(4) motion asserts that the district court "failed to rule on his 28 U.S.C. [§] 2255 bri[ef]ed claim for fabricated false testimony." R. 461. We have previously held that an alleged failure to rule represents a true Rule 60(b) claim because it asserts a defect in the integrity of the earlier proceedings. *See Peach*, 468 F.3d at 1271; *Spitznas*, 464 F.3d at 1225. Because the district court correctly construed Mr. Handy's motion as a true Rule 60(b)(4) claim, we now consider whether Mr. Handy is entitled to a COA to appeal the district court's denial of relief under Rule 60(b)(4).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). In *Buck*, the Court discussed the two-part COA inquiry to be applied on review of the denial of a Rule 60(b)(6) motion. First, there is a substantive question: whether reasonable jurists could debate the merits of the prisoner's underlying constitutional claim. *Id.* at 775. Second, there is a procedural question: whether reasonable jurists could debate the district court's procedural holding that the prisoner had not made the necessary showing to reopen his case under Rule 60(b)(6). *Id.* In this case, the substantive question

7

is whether reasonable jurists could debate the merits of Mr. Handy's claim that appellate counsel was ineffective for failing to argue that Detective Bennett lied during his *James* hearing. And the procedural question is whether reasonable jurists could debate the district court's procedural holding that Mr. Handy had not made the necessary showing that the § 2255 judgment was void because the district court had not ruled on that underlying constitutional claim. To obtain a COA, Mr. Handy must make both showings. *Slack*, 529 U.S. at 485. We base our decision on the substantive question and conclude that Mr. Handy has failed to demonstrate "that jurists of reasons would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right." *Id.* at 484.

Mr. Handy alleges a "violation of Due Process (fabricated testimony)." R. 319. In his initial § 2255 briefing, Mr. Handy cited *Napue v. Illinois*, 360 U.S. 264 (1959), and his argument appears to be that his constitutional right to due process was violated because the United States obtained his conviction through use of false evidence. "A *Napue* violation occurs when (1) a government witness committed perjury, (2) the prosecution knew the testimony to be false, and (3) the testimony was material." *United States v. Garcia*, 793 F.3d 1194, 1207 (10th Cir. 2015). Appellate counsel did not pursue a *Napue* claim on direct appeal. And so the precise underlying constitutional claim now before us is that Mr. Handy's appellate counsel provided ineffective assistance in failing to pursue a *Napue* claim based on Detective Bennett's testimony.

We review claims of ineffective assistance of counsel according to the two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, a movant must

8

show that counsel's performance was deficient, meaning it fell below an objective standard of reasonableness as measured by prevailing professional norms." *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015) (internal quotation marks omitted). "This is a demanding standard, requiring a showing that the performance was outside the wide range of professionally competent assistance." *Id.* (internal quotation marks omitted). "The performance must have been completely unreasonable, not merely wrong." *Id.* at 1214 (internal quotation marks omitted). "Next, a movant must show prejudice, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Id.* (quotation omitted). "Courts are free to address these two prongs in any order, and failure under either is dispositive." *Id.* (quotation omitted).

We conclude Mr. Handy has failed to demonstrate that jurists of reason would find it debatable whether Mr. Handy's counsel was deficient in failing to pursue a *Napue* claim based on Detective Bennett's testimony. Indeed, Mr. Handy's combined opening brief and application for a COA does not even attempt to make such a showing. He instead focuses exclusively on the procedural question—that is, whether the footnote in the district court's order disposing of Mr. Handy's original § 2255 motion was sufficient to overcome his Rule 60(b)(4) due-process claim that the district court failed to rule on the merits of his underlying ineffective-assistance-of-counsel claim. But Mr. Handy offers no argument as to why his counsel was ineffective in failing to bring a *Napue*

claim. Nor does he identify what testimony from Detective Bennett was untruthful. Thus, we have no inkling from Mr. Handy's appellate brief why he believes Detective Bennett lied on the stand, and it would be inappropriate for this court to scour the record in an attempt to discern what pieces of testimony may have been untruthful and why counsel's failure to attack that testimony might have been constitutionally ineffective. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015) ("[W]e will not serve as [a litigant's] attorney in constructing arguments and searching the record."). In short, Mr. Handy has failed to demonstrate that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *see Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 327), and we are compelled to deny a COA.

### III.   CONCLUSION

For the reasons stated, we deny Mr. Handy a COA and dismiss this appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

10