FILED
United States Court of Appeals
Tenth Circuit

November 5, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VERDALE HANDY,

    Defendant - Appellant.

No. 19-3097
(D.C. Nos. 2:16-CV-02724-CM
& 2:09-CR-20046-CM-8)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Verdale Handy, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his motion under Federal Rule

of Civil Procedure Rule 60. Handy sought relief under Rule 60(b)(6) based on the district

court's refusal to hold an evidentiary hearing on the allegations of fabricated witness

testimony contained in his first 28 U.S.C. § 2255 motion. This is Handy's fifth request

for a COA to appeal a decision related to his allegations of fabricated witness testimony.

Because Handy has failed to show that reasonable jurists could debate the correctness of

the district court's procedural ruling, *see Buck v. Davis*, 137 S. Ct. 759, 777 (2017), we

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

deny a COA and dismiss this matter. We also deny Handy's motion to proceed without prepayment of costs or fees and warn Handy that further requests for a COA to appeal a decision related to allegations of fabricated witness testimony may result in the imposition of appellate filing restrictions and/or sanctions.

Handy was convicted in 2010 of multiple drug trafficking offenses, attempted murder, and possession and use of a firearm during a crime of violence. The district court sentenced him to life in prison. On appeal, we affirmed his conviction and sentence. In 2014, Handy filed his first § 2255 motion alleging ineffective assistance by his appellate counsel for failing to argue that certain statements by co-conspirators should not have been admitted at trial. The district court admitted the statements after holding a *James*[1] hearing at which Detective Pamela Bennett was the government's sole witness. In reviewing Handy's § 2255 motion, the district court noted that most of his arguments attacked the truthfulness of Detective Bennett's testimony. But after reviewing the transcript from the *James* hearing and the other evidence presented by the government, the district court rejected Handy's ineffective assistance of counsel claim and denied Handy's § 2255 motion. We denied his application for a COA to appeal the decision, noting that even if Detective Bennett's testimony was excised, "a preponderance of

---

[1] A *James* hearing is conducted outside the presence of the jury to make the factual determinations necessary to admit the out-of-court statements of a defendant's co-conspirators as non-hearsay. *See United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (describing the procedure set forth in *United States v. James*, 590 F.2d 575 (5th Cir. 1979)).

evidence suggesting a conspiracy would remain." *United States v. Handy*, 614 F. App'x 379, 380 (10th Cir. 2015).

In 2015, Handy filed a Rule 60(b) motion claiming his due process rights were violated when the government failed to respond to the argument in his § 2255 motion that Detective Bennett had testified falsely at his *James* hearing. The district court denied the motion on the merits, explaining that it had rejected Handy's false testimony argument when it denied Handy's first § 2255 motion. Handy sought a COA to appeal the denial. We concluded that the Rule 60(b) motion was "not a true Rule 60(b) motion" but rather a "second or successive attempt at post-conviction relief based upon arguments already rejected." *United States v. Handy*, 646 F. App'x 635, 637 (10th Cir. 2016). We therefore vacated for lack of jurisdiction the district court's disposition on the merits, construed Handy's application for a COA as a motion for authorization to file a second or successive § 2255 motion, and denied authorization.

In 2016, Handy filed a motion under Federal Rule of Civil Procedure Rule 15 to amend his original § 2255 motion to add a claim that the district court failed to rule on his claim of fabricated testimony at the *James* hearing. The district court dismissed the motion for lack of jurisdiction as a second or successive § 2255 motion that had not been authorized by this court. Handy again sought to appeal, and we again denied a COA because there was "no debate" that the district court's dismissal of claims that had been presented in a prior § 2255 motion was correct. *United States v. Handy*, 703 F. App'x 685, 687 (10th Cir. 2017).

In May 2017, less than one month after the district court dismissed Handy's Rule 15 motion to amend, Handy filed a Rule 60(b)(4) motion, attempting to use that vehicle to amend his original § 2255 motion to add the claim that the district court failed to rule on his fabricated testimony claim. The district court summarily dismissed the motion for lack of jurisdiction as another unauthorized second or successive § 2255 motion. Although Handy attempted to appeal, the appeal was dismissed for failure to prosecute.

In September 2017, Handy filed yet another Rule 60(b)(4) motion asserting a defect in the integrity of his habeas proceedings due to the district court's failure to rule on his fabricated testimony claim, and another Rule 15 motion, seeking once again to amend his original § 2255 motion. The district court found no defect in the habeas proceedings because it had rejected Handy's arguments regarding fabricated witness testimony in its original decision. It denied the Rule 60(b)(4) motion on the merits to the extent Handy asserted procedural error, dismissed it for lack of jurisdiction to the extent he asked the district court to revisit its § 2255 ruling, and dismissed the Rule 15 motion as moot.

Handy again sought a COA. We concluded that his Rule 60(b)(4) motion presented a true Rule 60(b) claim because an alleged failure to rule constitutes a procedural defect. But we denied a COA because Handy had not shown that reasonable jurists could debate whether he had stated a valid claim for the denial of a constitutional right with his arguments regarding fabricated witness testimony. *United States v. Handy*, 743 F. App'x 169, 173 (10th Cir. 2018).

4

Finally, on October 15, 2018, Handy filed the Rule 60(b)(6) motion that is the subject of this application for a COA, alleging a defect in the integrity of his habeas proceedings due to the district court's failure to hold an evidentiary hearing to determine the merits of his claim of fabricated witness testimony. The district court again denied the motion to the extent there was no procedural error and dismissed it for lack of jurisdiction to the extent Handy sought reconsideration of the merits. Handy now seeks a COA to challenge this ruling.

To obtain a COA, Handy must show that reasonable jurists could debate the correctness of the district court's procedural ruling. *See Buck*, 137 S. Ct. at 777 (explaining that a litigant seeking a COA to challenge a procedural disposition "must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason"). A Rule 60(b) motion challenging the district court's decision not to hold an evidentiary hearing is generally a second or successive § 2255 motion because it is "attacking the district court's analysis of the merits." *In re Lindsey*, 582 F. 3d 1173, 1176 (10th Cir. 2009) (per curiam). That is so in this case. The lack of an evidentiary hearing did not preclude a merits determination. To the contrary, the district court denied Handy's § 2255 motion on the merits and, in doing so, rejected his arguments regarding fabricated witness testimony. Thus, Handy's claim that the district court failed to hold an evidentiary hearing on his allegations of fabricated witness testimony is nothing more than a disguised attack on the merits of the district court's denial of his § 2255 motion. *See id.* Because it "reasserts a federal basis for relief from [Handy's] underlying conviction," it constitutes a second or successive § 2555 motion subject to dismissal

5

absent prior authorization from this court. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Reasonable jurists could not debate the district court's disposition of Handy's Rule 60(b)(6) motion. We therefore deny Handy's application for a COA and dismiss this matter.

In addition, because this request for a COA was legally frivolous, we deny Handy's motion to proceed without prepayment of costs or fees. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (requiring both an inability to pay and "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised"). The full amount of the appellate filing fee of $505.00 is due immediately and payable to the clerk of the district court.

Finally, we note that the district court has repeatedly rejected Handy's allegations of procedural error in his § 2255 proceedings related to his claim of fabricated witness testimony at his *James* hearing. And we have repeatedly told Handy that his arguments regarding fabricated witness testimony constitute second or successive challenges to his conviction, which are subject to dismissal without prior authorization from this court. Accordingly, we warn Handy that any further requests for a COA to appeal a decision related to fabricated witness testimony at his *James* hearing may result in the imposition of appellate filing restrictions and/or sanctions.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk